UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MARY ANN KING and PHILLIP KING

v.

STAPLES INC.; IZZY DESIGN; JSJ CORPORATION; JOHN DOE COMPANY

C.A. No.: 06-

CA 06 258

**COMPLAINT**

**GENERAL ALLEGATIONS**

**PARTIES**

1. Plaintiffs Mary Ann King and Phillip King are citizens and residents of Woonsocket, Rhode Island, and at all times material are/were married with each other.

2. Defendant, Staples Inc. ("Staples") is a corporation existing under the laws of Delaware, with a principal place of business located in the Commonwealth of Massachusetts.

3. Among other things, Staples sells and distributes office furniture, including, at all material times office chairs designed and manufactured by Izzy Design and JSJ Corporation.

4. Defendant Izzy Design ("Izzy"), is a corporation existing under the laws of the State of Michigan with a principal place of business therein.

5. Among other things, Izzy designs, manufactures, makes, sells, and distributes commercial office furniture, including office chairs and component parts.

6. Defendant JSJ Corporation ("JSJ") is a corporation existing under the laws of the State of Michigan, with a principal place of business therein.

7. Among other things, JSJ designs, manufactures, makes, sells, and distributes commercial office furniture, including office chairs and component parts.

8. Defendant John Doe Company, alias, is a corporation, company, business venture, partnership, LLC, proprietorship, or other business organization. The true name of the defendant John Doe Company is unknown to plaintiff, who consequently sues said defendant by fictitious name. Plaintiff will seek leave to amend the Complaint to state defendant John Doe Company's true name when such has been ascertained.

9. Among other things, defendant John Doe Company is a designer, manufacturer, distributor and/or retailer of commercial office equipment, including office chairs and component parts therefore.

## FACTS

10. On or about June 2, 2003, plaintiff Mary Ann King was employed as a purchasing assistant by Texas Instruments, in Attleboro, Massachusetts ("TI Attleboro").

11. On or about that date, Ms. King was performing her usual duties at TI Attleboro while seated in a "Superior" office chair.

12. Said office chair and its component parts were sold to Ms. King's employer by Staples.

13. Said office chair and its component parts were designed and manufactured by Izzy and/or by JSJ, and/or by John Doe Company.

14. Said office chair and its component parts were supplied and sold to Staples by Izzy, and/or JSJ, and/or by John Do Company.

15. On or about June 2, 2003, said office chair was in substantially the same condition as when it was sold to Ms. King's employer by Staples.

16. At all times material, Ms. King was in the exercise of due care for her safety and the safety of others.

17. While seated in said office chair, Ms. King turned and leaned against the back of the chair to speak with a co-worker and the back of the chair broke and, as a proximate result, Ms. King fell to the ground and sustained severe, persistent, and permanent injuries.

## JURISDICTION

18. Jurisdiction before this Federal Court is based on the diversity of citizenship of the parties; this matter satisfies the requirements of and is permitted pursuant to 28 U.S.C. § 1332.

## COUNT I
### NEGLIGENCE
### STAPLES

1. Plaintiffs hereby incorporate by reference Paragraphs 1 through 18 of the General Allegations as if set forth fully and at length herein.

2. Defendant Staples owed a duty to plaintiff and others to use reasonable care in the sale, assembly, installation, distribution, delivery, and service of its products, equipment, and services, including the office chair which is the subject of this complaint.

3. Defendant further owed a duty to plaintiff and others to test and inspect for and to warn of defects and dangerous propensities and conditions inherent in and arising from said office chair.

4. Defendant Staples was negligent in the testing, certification, assembly, installation, service, inspection, promotion, distribution, and sale of said office chair, including, in particular, that defendant:

   a. failed to use due care in the sale and distribution of the chair that is the subject of this Complaint;
   b. negligently tested, assembled, promoted, distributed, and sold the chair which is the subject of this Complaint;

c. failed to provide adequate safeguards to protect persons such as the plaintiff from suffering the injuries, which plaintiff suffered while using the chair which is the subject of this Complaint;
c. failed to give adequate warning to the plaintiff of the defects and resultant hazards of using said chair;
d. failed to warn of said defects even though defendant knew or should have known that plaintiff would not realize or appreciate the dangerous condition arising from the use of said chair;
e. was otherwise negligent.

5. As a direct and proximate result of defendant's negligence, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

6. By reason of the foregoing, plaintiff Mary Ann King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of her husband Phillip King.

7. By reason of the foregoing, plaintiff Phillip King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of his wife Mary Ann King.

WHEREFORE, plaintiffs Maryann King and Phillip King demand judgment against the defendant Staples, in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT II
### BREACH OF WARRANTY
### STAPLES

1. Plaintiffs hereby incorporate by reference Paragraphs 1 through 18 of the General Allegations as if set forth fully and at length herein.

2. Defendant Staples is a merchant with respect to the office chair with which this Complaint is concerned.

3. At all times material hereto, plaintiff Mary Ann King was a person reasonably expected to be affected by the use and operation of said office chair.

4. Defendant Staples impliedly and expressly warranted that said office chair was safe, of merchantable quality, and fit for its intended and foreseeable uses.

5. At the time said chair was sold, it did not comply with said warranties in that it was in a defective condition and was not fit for its ordinary purpose.

6. Plaintiff relied on the warranties made by the defendant and was injured and was sustained damages as the direct and proximate result of his reliance on said warranties and as the direct and proximate result of the breaches of said warranties by the defendant.

7. Due notice has been given to defendant of its breaches of warranty.

8. As a direct and proximate result of defendant's negligence, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

9. By reason of the foregoing, plaintiff Mary Ann King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of her husband Phillip King.

10. By reason of the foregoing, plaintiff Phillip King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort, of his wife Mary Ann King.

WHEREFORE, plaintiffs Maryann King and Phillip King demand judgment against the defendant Staples, in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT III
### STRICT LIABILITY
### STAPLES

1. Plaintiffs hereby incorporate by reference Paragraphs 1 through 18 of the General Allegations as if set forth fully and at length herein.

2. At the time said chair was sold by defendant to Texas Instruments and left defendant's control, said chair was defective in manufacture, warning, and/or design, which defects rendered it unfit and unreasonably dangerous to foreseeable users such as Ms. King.

3. At all material times, plaintiff Maryann King used said chair in an ordinary and foreseeable manner.

4. Said chair was expected to and did reach plaintiff without substantial change in the condition in which it was sold.

5. Said chair was expected to be and was used without substantial change in the condition in which they were sold.

6. As a direct and proximate result of the chair's defects, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

7. By reason of the foregoing, plaintiff Mary Ann King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of her husband Phillip King.

8. By reason of the foregoing, plaintiff Phillip King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort, of his wife Mary Ann King.

WHEREFORE, plaintiffs Maryann King and Phillip King demand judgment against the defendant Staples, in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT IV
### NEGLIGENCE
### IZZY DESIGN

1. Plaintiffs hereby incorporate by reference Paragraphs 1 through 18 of the General Allegations as if set forth fully and at length herein.

2. Defendant Izzy owed a duty to plaintiff and others to use reasonable care in the sale, assembly, installation, distribution, delivery, and service of its products, equipment, and services, including the office chair which is the subject of this complaint.

3. Defendant further owed a duty to plaintiff and others to test and inspect for and to warn of defects and dangerous propensities and conditions inherent in and arising from said office chair.

4. Defendant Izzy was negligent in the testing, certification, assembly, installation, service, inspection, promotion, distribution, and sale of said office chair, including, in particular, that defendant:

a. failed to use due care in the sale and distribution of the chair that is the subject of this Complaint;
b. negligently tested, assembled, promoted, distributed, and sold the chair which is the subject of this Complaint;
c. failed to provide adequate safeguards to protect persons such as the plaintiff from suffering the injuries, which plaintiff suffered while using the chair which is the subject of this Complaint;
c. failed to give adequate warning to the plaintiff of the defects and resultant hazards of using said chair;
d. failed to warn of said defects even though defendant knew or should have known that plaintiff would not realize or appreciate the dangerous condition arising from the use of said chair;
e. was otherwise negligent.

5. As a direct and proximate result of defendant's negligence, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

6. By reason of the foregoing, plaintiff Mary Ann King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of her husband Phillip King.

7. By reason of the foregoing, plaintiff Phillip King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of his wife Mary Ann King.

WHEREFORE, plaintiffs Maryann King and Phillip King demand judgment against the defendant Izzy Design, in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT V
## BREACH OF WARRANTY
## IZZY DESIGN

1. Plaintiffs hereby incorporate by reference Paragraphs 1 through 18 of the General Allegations as if set forth fully and at length herein.

2. Defendant Izzy is a merchant with respect to the office chair with which this Complaint is concerned.

3. At all times material hereto, plaintiff Mary Ann King was a person reasonably expected to be affected by the use and operation of said office chair.

4. Defendant Izzy impliedly and expressly warranted that said office chair was safe, of merchantable quality, and fit for its intended and foreseeable uses.

5. At the time said chair was sold, it did not comply with said warranties in that it was in a defective condition and was not fit for its ordinary purpose.

6. Plaintiff relied on the warranties made by the defendant and was injured and was sustained damages as the direct and proximate result of his reliance on said warranties and as the direct and proximate result of the breaches of said warranties by the defendant.

7. Due notice has been given to defendant of its breaches of warranty.

8. As a direct and proximate result of defendant's negligence, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

9. By reason of the foregoing, plaintiff Mary Ann King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of her husband Phillip King.

10. By reason of the foregoing, plaintiff Phillip King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort, of his wife Mary Ann King.

WHEREFORE, plaintiffs Maryann King and Phillip King demand judgment against the defendant Izzy Design, in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

**COUNT VI**
**STRICT LIABILITY**
**IZZY DESIGN**

1. Plaintiffs hereby incorporate by reference Paragraphs 1 through 18 of the General Allegations as if set forth fully and at length herein.

2. At the time said chair was sold by defendant to Texas Instruments and left defendant's control, said chair was defective in manufacture, warning, and/or design, which defects rendered it unfit and unreasonably dangerous to foreseeable users such as Ms. King.

3. At all material times, plaintiff Maryann King used said chair in an ordinary and foreseeable manner.

4. Said chair was expected to and did reach plaintiff without substantial change in the condition in which it was sold.

5. Said chair was expected to be and was used without substantial change in the condition in which they were sold.

6. As a direct and proximate result of the chair's defects, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

7. By reason of the foregoing, plaintiff Mary Ann King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of her husband Phillip King.

8. By reason of the foregoing, plaintiff Phillip King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort, of his wife Mary Ann King.

WHEREFORE, plaintiffs Maryann King and Phillip King demand judgment against the defendant Izzy Design, in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

**COUNT VII**
**NEGLIGENCE**
**JSJ CORPORATION**

1. Plaintiffs hereby incorporate by reference Paragraphs 1 through 18 of the General Allegations as if set forth fully and at length herein.

2. Defendant JSJ owed a duty to plaintiff and others to use reasonable care in the sale, assembly, installation, distribution, delivery, and service of its products, equipment, and services, including the office chair which is the subject of this complaint.

3. Defendant further owed a duty to plaintiff and others to test and inspect for and to warn of defects and dangerous propensities and conditions inherent in and arising from said office chair.

4. Defendant JSJ was negligent in the testing, certification, assembly, installation, service, inspection, promotion, distribution, and sale of said office chair, including, in particular, that defendant:

a. failed to use due care in the sale and distribution of the chair that is the subject of this Complaint;
b. negligently tested, assembled, promoted, distributed, and sold the chair which is the subject of this Complaint;
c. failed to provide adequate safeguards to protect persons such as the plaintiff from suffering the injuries, which plaintiff suffered while using the chair which is the subject of this Complaint;
c. failed to give adequate warning to the plaintiff of the defects and resultant hazards of using said chair;
d. failed to warn of said defects even though defendant knew or should have known that plaintiff would not realize or appreciate the dangerous condition arising from the use of said chair;
e. was otherwise negligent.

5. As a direct and proximate result of defendant's negligence, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

6. By reason of the foregoing, plaintiff Mary Ann King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of her husband Phillip King.

7. By reason of the foregoing, plaintiff Phillip King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of his wife Mary Ann King.

WHEREFORE, plaintiffs Maryann King and Phillip King demand judgment against the defendant JSJ Corporation, in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT VII
## BREACH OF WARRANTY
## JSJ CORPORATION

1. Plaintiffs hereby incorporate by reference Paragraphs 1 through 18 of the General Allegations as if set forth fully and at length herein.

2. Defendant JSJ is a merchant with respect to the office chair with which this Complaint is concerned.

3. At all times material hereto, plaintiff Mary Ann King was a person reasonably expected to be affected by the use and operation of said office chair.

4. Defendant JSJ impliedly and expressly warranted that said office chair was safe, of merchantable quality, and fit for its intended and foreseeable uses.

5. At the time said chair was sold, it did not comply with said warranties in that it was in a defective condition and was not fit for its ordinary purpose.

6. Plaintiff relied on the warranties made by the defendant and was injured and was sustained damages as the direct and proximate result of his reliance on said warranties and as the direct and proximate result of the breaches of said warranties by the defendant.

7. Due notice has been given to defendant of its breaches of warranty.

8. As a direct and proximate result of defendant's negligence, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

9. By reason of the foregoing, plaintiff Mary Ann King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of her husband Phillip King.

10. By reason of the foregoing, plaintiff Phillip King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort, of his wife Mary Ann King.

WHEREFORE, plaintiffs Maryann King and Phillip King demand judgment against the defendant JSJ Corporation, in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT IX
## STRICT LIABILITY
## JSJ CORPORATION

1. Plaintiffs hereby incorporate by reference Paragraphs 1 through 18 of the General Allegations as if set forth fully and at length herein.

2. At the time said chair was sold by defendant to Texas Instruments and left defendant's control, said chair was defective in manufacture, warning, and/or design, which defects rendered it unfit and unreasonably dangerous to foreseeable users such as Ms. King.

3. At all material times, plaintiff Maryann King used said chair in an ordinary and foreseeable manner.

4. Said chair was expected to and did reach plaintiff without substantial change in the condition in which it was sold.

5. Said chair was expected to be and was used without substantial change in the condition in which they were sold.

6. As a direct and proximate result of the chair's defects, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

7. By reason of the foregoing, plaintiff Mary Ann King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of her husband Phillip King.

8. By reason of the foregoing, plaintiff Phillip King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort, of his wife Mary Ann King.

WHEREFORE, plaintiffs Maryann King and Phillip King demand judgment against the defendant JSJ Corporation, in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

**<u>COUNT X</u>**
**NEGLIGENCE**
**JOHN DOE CORPORATION**

1. Plaintiffs hereby incorporate by reference Paragraphs 1 through 18 of the General Allegations as if set forth fully and at length herein.

2. Defendant John Doe Corporation owed a duty to plaintiff and others to use reasonable care in the sale, assembly, installation, distribution, delivery, and service of its

products, equipment, and services, including the office chair which is the subject of this complaint.

3. Defendant further owed a duty to plaintiff and others to test and inspect for and to warn of defects and dangerous propensities and conditions inherent in and arising from said office chair.

4. Defendant John Doe Corporation was negligent in the testing, certification, assembly, installation, service, inspection, promotion, distribution, and sale of said office chair, including, in particular, that defendant:

a. failed to use due care in the sale and distribution of the chair that is the subject of this Complaint;

b. negligently tested, assembled, promoted, distributed, and sold the chair which is the subject of this Complaint;

c. failed to provide adequate safeguards to protect persons such as the plaintiff from suffering the injuries, which plaintiff suffered while using the chair which is the subject of this Complaint;

c. failed to give adequate warning to the plaintiff of the defects and resultant hazards of using said chair;

d. failed to warn of said defects even though defendant knew or should have known that plaintiff would not realize or appreciate the dangerous condition arising from the use of said chair;

e. was otherwise negligent.

5. As a direct and proximate result of defendant's negligence, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

6. By reason of the foregoing, plaintiff Mary Ann King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of her husband Phillip King.

7. By reason of the foregoing, plaintiff Phillip King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of his wife Mary Ann King.

WHEREFORE, plaintiffs Maryann King and Phillip King demand judgment against the defendant John Doe Corporation, in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT XI
### BREACH OF WARRANTY
### JOHN DOE CORPORATION

1. Plaintiffs hereby incorporate by reference Paragraphs 1 through 18 of the General Allegations as if set forth fully and at length herein.

2. Defendant John Doe Corporation is a merchant with respect to the office chair with which this Complaint is concerned.

3. At all times material hereto, plaintiff Mary Ann King was a person reasonably expected to be affected by the use and operation of said office chair.

4. Defendant John Doe Corporation impliedly and expressly warranted that said office chair was safe, of merchantable quality, and fit for its intended and foreseeable uses.

5. At the time said chair was sold, it did not comply with said warranties in that it was in a defective condition and was not fit for its ordinary purpose.

6. Plaintiff relied on the warranties made by the defendant and was injured and was sustained damages as the direct and proximate result of his reliance on said warranties and as the direct and proximate result of the breaches of said warranties by the defendant.

7. Due notice has been given to defendant of its breaches of warranty.

8. As a direct and proximate result of defendant's negligence, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

9. By reason of the foregoing, plaintiff Mary Ann King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of her husband Phillip King.

10. By reason of the foregoing, plaintiff Phillip King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort, of his wife Mary Ann King.

WHEREFORE, plaintiffs Maryann King and Phillip King demand judgment against the defendant John Doe Corporation, in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT XII
### STRICT LIABILITY
### JOHN DOE CORPORATION

1. Plaintiffs hereby incorporate by reference Paragraphs 1 through 18 of the General Allegations as if set forth fully and at length herein.

2. At the time said chair was sold by defendant to Texas Instruments and left defendant's control, said chair was defective in manufacture, warning, and/or design, which defects rendered it unfit and unreasonably dangerous to foreseeable users such as Ms. King.

3. At all material times, plaintiff Maryann King used said chair in an ordinary and foreseeable manner.

4. Said chair was expected to and did reach plaintiff without substantial change in the condition in which it was sold.

5. Said chair was expected to be and was used without substantial change in the condition in which they were sold.

6. As a direct and proximate result of the chair's defects, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

7. By reason of the foregoing, plaintiff Mary Ann King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of her husband Phillip King.

8. By reason of the foregoing, plaintiff Phillip King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort, of his wife Mary Ann King.

WHEREFORE, plaintiffs Maryann King and Phillip King demand judgment against the defendant John Doe Corporation, in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

Plaintiffs,
By their Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**WHEREFORE PLAINTIFFS PRAY FOR TRIAL BY JURY AND DESIGNATE AMATO DELUCA AS TRIAL COUNSEL**

**Dated: May 24 2006**