**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MARY ANN KING and PHILLIP KING | : | |
| v. | : | C.A. No.: 06-258S |
| STAPLES INC.; IZZY DESIGN JSJ CORPORATION; JOHN DOE COMPANY | : | |

**DEFENDANT IZZY DESIGN'S ANSWER**
**AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant JSJ Seating Corporation d/b/a Izzy Design ("Izzy Design"), by its undersigned attorneys, for its Answer and Affirmative Defenses to Plaintiffs' Complaint, states as follows:

**ANSWER**

1. Plaintiffs Mary Ann King and Phillip King are citizens and residents of Woonsocket, Rhode Island, and at all times material are/were married with each other.

ANSWER: *Izzy Design is without information sufficient to form a belief as to the truth of the allegations of paragraph 1.*

2. Defendant, Staples Inc. ("Staples") is a corporation existing under the laws of Delaware, with a principal place of business located in the Commonwealth of Massachusetts.

ANSWER: *Izzy Design is without information sufficient to form a belief as to the truth of the allegations of paragraph 2.*

3. Among other things, Staples sells and distributes office furniture, including, at all material times office chairs designed and manufactured by Izzy Design and JSJ Corporation.

ANSWER: *Izzy Design admits that Staples served as a distributor for certain of Izzy Design's office chairs. Izzy Design denies that Staples sells or distributes office furniture manufactured by JSJ Corporation. Izzy Design is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3.*

4. Defendant Izzy Design ("Izzy"), is a corporation existing under the laws of the State of Michigan with a principal place of business therein.

ANSWER: *Denied. Answering further, Izzy Design admits that Izzy Design is a d/b/a for JSJ Furniture Corporation, a Michigan corporation.*

5. Among other things, Izzy designs, manufactures, makes, sells, and distributes commercial office furniture, including office chairs and component parts.

ANSWER: *Izzy Design admits that its business is involved with the sale of office furniture, including chairs. Izzy Design denies all remaining allegations in paragraph 5.*

6. Defendant JSJ Corporation ("JSJ") is a corporation existing under the laws of the State of Michigan, with a principal place of business therein.

ANSWER: *Admitted.*

7. Among other things, JSJ designs, manufactures, makes, sells, and distributes commercial office furniture, including office chairs and component parts.

ANSWER: *Denied.*

8. Defendant John Doe Company, alias, is a corporation, company, business venture, partnership, LLC, proprietorship, or other business organization. The true name of the defendant John Doe Company is unknown to plaintiff, who consequently sues said defendant by fictitious name. Plaintiff will seek leave to amend the Complaint to state defendant John Doe Company's true name when such has been ascertained.

ANSWER: *Izzy Design is without information sufficient to form a belief as to the truth of the allegations of paragraph 8.*

9. Among other things, defendant John Doe Company is a designer, manufacturer, distributor and/or retailer of commercial office equipment, including office chairs and component parts therefore.

ANSWER: *Izzy Design is without information sufficient to form a belief as to the truth of the allegations of paragraph 9.*

**FACTS**

10. On or about June 2, 2003, plaintiff Mary Ann King was employed as a purchasing assistant by Texas Instruments, in Attleboro, Massachusetts ("TI Attleboro").

ANSWER: *Izzy Design is without information sufficient to form a belief as to the truth of the allegations of paragraph 10.*

11. On or about that date, Ms. King was performing her usual duties at TI Attleboro while seated in a "Superior" office chair.

ANSWER: *Izzy Design is without information sufficient to form a belief as to the truth of the allegations of paragraph 11.*

12. Said office chair and its component parts were sold to Ms. King's employer by Staples.

ANSWER: *Izzy Design is without information sufficient to form a belief as to the truth of the allegations of paragraph 12.*

13. Said office chair and its component parts were designed and manufactured by Izzy and/or by JSJ, and/or by John Doe Company.

ANSWER: *Izzy Design is without information sufficient to form a belief as to the truth of the allegations of paragraph 13.*

14. Said office chair and its component parts were supplied and sold to Staples by Izzy, and/or JSJ, and/or by John Doe Company.

ANSWER: *Izzy Design is without information sufficient to form a belief as to the truth of the allegations of paragraph 14.*

15. On or about June 2, 2003, said office chair was in substantially the same condition as when it was sold to Ms. King's employer by Staples.

ANSWER: *Izzy Design is without information sufficient to form a belief as to the truth of the allegations of paragraph 15.*

16. At all times material, Ms. King was in the exercise of due care for her safety and the safety of others.

ANSWER: *Izzy Design is without information sufficient to form a belief as to the truth of the allegations of paragraph 16.*

17. While seated in said office chair, Ms. King turned and leaned against ht back of the chair to speak with a co-worker and the back of the chair broke and, as a proximate result, Ms. King fell to the ground and sustained severe, persistent, and permanent injuries.

ANSWER: *Izzy Design is without information sufficient to form a belief as to the truth of the allegations of paragraph 17.*

**JURISDICTION**

18. Jurisdiction before the Federal Court is based on the diversity of citizenship of the parties; this matter satisfies the requirements of and is permitted pursuant to 28 U.S.C.§ 1332.

ANSWER: *Izzy Design admits that there appears to be diversity of citizenship. Izzy Design is without information sufficient to form a belief as to the truth of the remaining allegations in*

*paragraph 18.*

**COUNT I**
**Negligence**
**Staples**

Izzy Design makes no answer to the allegations in Count I, as those allegations are not directed towards Izzy Design. To the extent that said allegations are directed towards JSJ or allege or infer any wrongdoing on the part of Izzy Design, however, those allegations are specifically denied.

**COUNT II**
**Breach of Warranty**
**Staples**

Izzy Design makes no answer to the allegations in Count II, as those allegations are not directed towards Izzy Design. To the extent that said allegations are directed towards JSJ or allege or infer any wrongdoing on the part of Izzy Design, however, those allegations are specifically denied.

**COUNT III**
**Strict Liability**
**Staples**

Izzy Design makes no answer to the allegations in Count III, as those allegations are not directed towards Izzy Design. To the extent that said allegations are directed towards JSJ or allege or infer any wrongdoing on the part of Izzy Design, however, those allegations are specifically denied.

**COUNT IV**
**Negligence**
**Izzy Design**

1. Plaintiffs hereby incorporate by reference paragraphs 1 through 18 of the General Allegations as if set forth fully and at length herein.

ANSWER: *Izzy Design incorporates its answers to paragraphs 1-18 of the General Allegations.*

2. Defendant Izzy owed a duty to plaintiff and others to use reasonable care in the sale, assembly, installation, distribution, delivery, and service of its products, equipment, and services, including the office chair which is the subject of this complaint.

ANSWER: *Izzy Design admits all duties imposed by law. Izzy Design is without information sufficient to form a belief as to the truth of the factual allegations in paragraph 2.*

3. Defendant further owed a duty to plaintiff and others to test and inspect for and to warn of defects and dangerous propensities and conditions inherent in and arising from said office chair.

ANSWER: *Izzy Design admits all duties imposed by law. Izzy Design denies that any items it may have sold contained defects or dangerous propensities. Izzy Design is without information sufficient form a belief as to the truth of the remaining factual allegations in paragraph 3.*

4. Defendant Izzy was negligent in the testing, certification, assembly, installation, service, inspection, promotion, distribution, and sale of said office chair, including, in particular, that defendant:

a. failed to use due care in the sale and distribution of the chair that is the subject of this Complaint;
b. negligently tested, assembled, promoted, distributed, and sold the chair which is the subject of this Complaint;
c. failed to provide adequate safeguards to protect persons such as the plaintiff from suffering the injuries, which plaintiff suffered while using the chair which is the subject of this Complaint;
d. failed to warn of said defects even though defendant knew or should have known that plaintiff would not realize or appreciate the dangerous condition arising from the use of said chair;

e. was otherwise negligent.

ANSWER: *Denied.*

5. As a direct and proximate result of defendant's negligence, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

ANSWER: *Denied.*

6. By reason of the foregoing, plaintiff Mary Ann King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of her husband, Philip King.

ANSWER: *Denied.*

7. By reason of the foregoing, plaintiff Phillip King has been will be deprived of the services, affection, society, companionship, consortium, and comfort of his wife Mary Ann King.

ANSWER: *Denied.*

**COUNT V**
**Breach of Warranty**
**Izzy Design**

1. Plaintiffs hereby incorporate by reference paragraphs 1 through 18 of the General Allegations as if set forth fully and at length herein.

ANSWER: *Izzy Design incorporates its answers to paragraphs 1-18 of the General Allegations.*

2. Defendant Izzy is a merchant with respect to the office chair with which this Complaint is concerned.

ANSWER: *To the extent the allegations in paragraph 2 state a legal conclusion, no answer is required. Izzy Design is without information sufficient to form a belief as to the truth of any factual allegations in paragraph 2.*

3. At all times material hereto, plaintiff Mary Ann King was a person reasonably expected to be affected by the use and operation of said office chair.

ANSWER: *To the extent the allegations in paragraph 3 state a legal conclusion, no answer is required. Izzy Design is without information sufficient to form a belief as to the truth of any factual allegations in paragraph 3.*

4. Defendant Izzy impliedly and expressly warranted that said office chair was safe, of merchantable quality, and fit for its intended and foreseeable uses.

ANSWER: *To the extent the allegations in paragraph 4 state a legal conclusion, no answer is required. Izzy Design is without information sufficient to form a belief as to the truth of any factual allegations in paragraph 4.*

5. At the time said chair was sold, it did not comply with said warranties in that it was in a defective condition and was not fit for its ordinary purpose.

ANSWER: *To the extent the allegations in paragraph 5 state a legal conclusion, no answer is required. Izzy Design denies that any products it may have sold were defective or not fit for their ordinary purposes. Izzy Design is without information sufficient to form a belief as to the truth of any remaining factual allegations in paragraph 5.*

6. Plaintiff relied on the warranties made by the defendant and was injured and was sustained damages as a direct and proximate result of his reliance on said warranties and as a direct and proximate result of the breaches of said warranties by the defendant.

ANSWER: *To the extent the allegations in paragraph 6 state legal conclusions, no answer is required. Izzy Design denies all factual allegations in paragraph 6.*

7. Due notice has been given to defendant of its breaches of warranty.

ANSWER: *To the extent the allegations in paragraph 7 state legal conclusions, no answer is*

*required. Izzy Design denies all factual allegations in paragraph 7.*

8. As a direct and proximate result of defendant's negligence, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

ANSWER: *To the extent the allegations in paragraph 8 state legal conclusions, no answer is required. Izzy Design denies all factual allegations in paragraph 8.*

9. By reason of the foregoing, plaintiff Mary Ann King has been and will deprived of the services, affection, society, companionship, consortium, and comfort of her husband Phillip King.

ANSWER: *Denied.*

10. By reason of the foregoing, plaintiff Philip King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort, of his wife Mary Ann King.

ANSWER: *Denied.*

**COUNT VI**
**Strict Liability**
**Izzy Design**

1. Plaintiffs hereby incorporate by reference paragraphs 1 through 18 of the General Allegations as if set forth fully and at length herein.

ANSWER: *Izzy Design incorporates its answers to paragraphs 1-18 of the General Allegations.*

2. At the time said chair was sold by defendant to Texas Instruments and left defendant's control, said chair was defective in manufactures, warning, and/or design, which defects rendered it unfit and unreasonably dangerous to foreseeable users such as Ms. King.

ANSWER: *To the extent the allegations in paragraph 2 state legal conclusions, no answer is*

*required. Izzy Design is without information sufficient to form a belief as to the truth of the allegations that it sold the subject chair to Texas Instruments. Izzy Design denies all remaining factual allegations in paragraph 2.*

3. At all material times, plaintiff, Maryann King used said chair in an ordinary and foreseeable manner.

ANSWER: *To the extent the allegations in paragraph 3 state legal conclusions, no answer is required. Izzy Design is without information sufficient to form a belief as to the truth of any factual allegations in paragraph 3.*

4. Said chair was expected to and did reach plaintiff without substantial change in the condition in which it was sold.

ANSWER: *To the extent the allegations in paragraph 4 state legal conclusions, no answer is required. Izzy Design is without information sufficient to form a belief as to the truth of any factual allegations in paragraph 4.*

5. Said chair was expected to be and was used without substantial change in the condition in which they were sold.

ANSWER: *To the extent the allegations in paragraph 5 state legal conclusions, no answer is required. Izzy Design is without information sufficient to form a belief as to the truth of any factual allegations in paragraph 5.*

6. As a direct and proximate result of the chair's defects, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

ANSWER: *To the extent the allegations in paragraph 6 state legal conclusions, no answer is required. Izzy Design denies that any chairs it sold contained a defect or caused any injuries or damage. Izzy Design is without information sufficient to form a belief as to the truth of any*

*factual allegations in paragraph 6.*

7. By reason of the foregoing, plaintiff Mary Ann King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of her husband Phillip King.

ANSWER: *To the extent the allegations in paragraph 7 state legal conclusions, no answer is required. Izzy Design is without information sufficient to form a belief as to the truth of any factual allegations in paragraph 7.*

8. By reason of the foregoing, plaintiff, Phillip King has and will be deprived of the services, affection, society, companionship, consortium, and comfort, of his wife Mary Ann King.

ANSWER: *To the extent the allegations in paragraph 8 state legal conclusions, no answer is required. Izzy Design is without information sufficient to form a belief as to the truth of any factual allegations in paragraph 8.*

**COUNT VII**
**Negligence**
**JSJ Corporation**

Izzy Design makes no answer to the allegations in Count VII, as those allegations are not directed towards Izzy Design. To the extent that said allegations are directed towards JSJ or allege or infer any wrongdoing on the part of Izzy Design, however, those allegations are specifically denied.

**COUNT VIII**
**Breach of Warranty**
**JSJ Corporation**
**(Second Count VII)**

Izzy Design makes no answer to the allegations in Count VIII, as those allegations are not

directed towards Izzy Design. To the extent that said allegations are directed towards JSJ or allege or infer any wrongdoing on the part of Izzy Design, however, those allegations are specifically denied.

**COUNT IX**
**Strict Liability**
**JSJ Corporation**

Izzy Design makes no answer to the allegations in Count IX, as those allegations are not directed towards Izzy Design. To the extent that said allegations are directed towards JSJ or allege or infer any wrongdoing on the part of Izzy Design, however, those allegations are specifically denied.

**COUNT X**
**Negligence**
**John Doe Corporation**

Izzy Design makes no answer to the allegations in Count X, as those allegations are not directed towards Izzy Design. To the extent that said allegations are directed towards JSJ or allege or infer any wrongdoing on the part of Izzy Design, however, those allegations are specifically denied.

**COUNT XI**
**Breach of Warranty**
**John Doe Corporation**

Izzy Design makes no answer to the allegations in Count XI, as those allegations are not directed towards Izzy Design. To the extent that said allegations are directed towards JSJ or allege or infer any wrongdoing on the part of Izzy Design, however, those allegations are specifically denied.

**COUNT XII**
**Strictly Liability**
**John Doe Corporation**

Count XII is directed to John Doe Corporation. Count XII is not directed to Izzy Design and therefore requires no response from Izzy Design.

**AFFIRMATIVE DEFENSES**

In the alternative to its denials in its answer, and for its affirmative defenses, Izzy Design states as follows:

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by their own contributory or comparative negligence.

3. Plaintiffs' claims are barred by the applicable statute of repose.

4. Mary Ann King's actions were the sole proximate cause of her injury.

5. The product involved was out of the control of Izzy Design over a material period of time and during that period, Izzy Design had no control over the maintenance, use or control of the product. Izzy Design further states that if there was an defect or deficiency in the product as of the time of the incident alleged, such defect or deficiency did not relate to the original design, manufacture or sale of the product, but on the contrary, is the result of the misuse, abuse, improper storage, or other actions or omissions on the part of Mary Ann King or others for whom Izzy Design is not and cannot be responsible.

6. Plaintiff Mary Ann King assumed the risk of any danger, in both the primary and secondary senses, in that she had knowledge of the danger, an appreciation of that danger, and voluntarily exposed herself and others to any danger.

7. Izzy Design denies that the product in question had any inherent design defect but if there existed any inherent design defect with respect to the product, such defect being expressly denied, such defect could not have been effectively eliminated without rendering the product incapable of reasonable use.

8. Izzy Design complied with all applicable statutes, regulations and standards, if

any, existing at the time of manufacture that prescribed standards for design, inspection, testing, manufacture, labeling, packaging, warnings or instruction for use of the product.

9. Izzy Design's warnings and instructions were at all times in conformity with the generally recognized state of specific and technological knowledge (state of the art) at the time such warnings and instructions were issued.

10. Izzy Design discharged any duty to warn by providing warnings and instructions to the anticipated user that were adequate in light of the user's knowledge of the products, and the impracticability of providing such warnings directly to persons in the position of plaintiffs, and Izzy Design reasonably relied upon said user to communicate such warnings to plaintiffs and all other persons similarly situated.

11. Plaintiff Mary Ann King failed to follow the warnings and instructions supplied. However, pleading hypothetically and in the alternative, if plaintiffs' claims are not completely barred under said doctrines, the plaintiffs' alleged damages, if any, should be diminished in proportion to the culpable conduct attributable to the plaintiffs.

12. Plaintiff Mary Ann King voluntarily and unreasonably exposed herself to the products by failing to follow the warnings and instructions supplied, and, on information and belief, she failed to abide by the rules and regulations of her employer.

13. Any alleged injuries sustained by plaintiffs were the direct, sole and proximate failure by Mary Ann King or by her employer to heed adequate warnings and instructions provided.

14. Any alleged injuries sustained by plaintiffs were caused or contributed to, in whole or in part, by the negligence or fault of third parties over whom Izzy Design had no control and for whose conduct Izzy Design is not responsible; such negligence of other parties

was the sole proximate cause of, or an intervening, superseding or insulating cause of the plaintiffs' alleged injuries.

15. Any alleged injuries sustained by plaintiffs were caused or contributed to, in whole or in part, by the negligence or fault of third parties over whom Izzy Design had no control and for whose conduct Izzy Design is not responsible; and Izzy Design is entitled to an assessment of the relative degree of fault of all such persons and entities.

16. Plaintiffs have failed to mitigate their damages.

17. Plaintiffs have failed to join a necessary or indispensable party.

18. Plaintiffs' claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel and unclean hands.

19. Plaintiffs' claims may be barred, in whole or in part, by the doctrine of pre-emption.

20. Plaintiffs' claims may be barred in whole or in part by the applicable statute of limitations.

21. Izzy Design hereby gives notice to plaintiffs that it lacks sufficient knowledge or information to form a belief as to the truth of certain allegations contained in the complaint. These defenses are pleaded in order to preserve Izzy Design's right to assert them at trial and to give notice of its intention to assert these defenses and to avoid waiver of any defense.

Defendant,
By Its Attorney,

Donna M. Lamontagne (#5138)
Zizik, Powers, O'Connell, Spaulding
& Lamontagne
40 Westminster Street, Suite 201
Providence, RI 02903
(401) 421-7110

Eric D. Stubenvoll (Out of State Counsel)
CHRISTENSEN & EHRET, LLP
222 W. Adams Street, Suite 2170
Chicago, IL 60606
(312) 634-1014
Attorney I.D. 31639

## CERTIFICATION OF SERVICE

I hereby certify that on the 10th day of July, 2006 I caused the original of the within Answer to be mailed to the Clerk of the United States District Court and a true copy to be mailed to **Amato A. DeLuca, Esq.**, DeLuca & Weizenbaum, Ltd., 199 North Main Street, Providence, RI 02903 and **James T. Murphy, Esq.**, Hanson Curran LLP, 146 Westminster Street, Providence, RI 02903-2202 via first-class pre-paid postage.

Heather Fontes
Zizik, Powers, O'Connell, Spaulding
& Lamontagne