**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MARY ANN KING | : | |
| and PHILLIP KING | : | |
| Plaintiffs | : | |
| v. | : | C.A. No.: 06-258-S |
| | : | |
| STAPLES INC.; IZZY DESIGN; | : | |
| JSJ CORPORATION; | : | |
| JOHN DOE COMPANY | : | |
| Defendants | | |

**PLAINTIFF'S RULE 16 STATEMENT OF CLAIMS**

Now come plaintiffs Mary Ann and Phillip King and hereby submit the following Statement of Claims in accordance with LR Cv. 16(c).

## I. Nature of the Case

This is a products liability action involving a failed office chair. Plaintiff Mary Ann King claims that she suffered significant, permanent injuries to her back as a proximate result of the negligence, strict products liability, and breach of implied warranty of merchantability of defendants Staples Inc, Izzy Design, and JSJ Corporation in connection with the design, manufacture, distribution, and sale of a "Superior" office chair. The chair, which broke while Mrs. King was using it at work, was designed and manufactured by defendants Izzy Design and JSJ Corp. and sold to Mrs. King's employer—Texas Instruments—by defendant Staples Inc.

## II. Facts

On June 2, 2003, Mary Ann King was performing her usual duties as a purchasing assistant at Texas Instruments in Attleboro. While seated at her desk in a "Superior" office chair, Ms. King turned to speak with a co-worker and leaned against the back of the chair;

the chair back broke, causing Mrs. King to fall to the ground and suffer injuries to her neck and back.

Following an investigation of the chair and others of the same kind purchased by Texas Instruments from Staples, Mrs. King's employer found that the chair failed as a result of a missing screw or the absence of a sufficient number of screws to secure the chair.

**III. Elements of Claims**

The elements that plaintiffs must prove in order to prevail on their negligence, strict liability, and warranty claims are as follows:

<u>Negligence</u>

In a negligence action in Rhode Island, the plaintiff must show that (a) defendant owed plaintiff a legal duty to refrain from negligent behavior; (b) defendant breached that duty; (c) the breach proximately caused the accident and plaintiff's injury; and (d) there was actual loss or damage resulting. *See, e.g., Crawford v. T/Smith Stevedoring Co., Inc.,* 14 F. Supp. 2d 202, 209 (D.R.I. 1998)(citing *Splendorio v. Bilray Demolition Co., Inc.,* 682 A.2d 461, 466 (R.I.1996)). "The legal duty that is the predicate for the ... negligent manufacturing claim is the general duty of every manufacturer to use due care to avoid foreseeable dangers in its products." *Id.* 14 F. Supp. 2d at 209 (quoting *Medtronic, Inc., v. Lohr,* 518 U.S. 470, 501 (1996)). Staples Inc, Izzy Design, and JSJ Corporation owed a duty to Mrs. King to exercise reasonable care in the design and manufacture and distribution of the chair and its component parts. See, e.g., *Raimbault v. Takeuchi Manufacturing (U.S.), Ltd.*, 772 A.2d 1056, 1063 (R.I. 2001). Breach of the duty of care may be established by showing that injuries of the type sustained by Mrs. King as a result of the back of the chair breaking do not ordinarily occur in the absence of negligence (and that there is no evidence of any other responsible cause of the accident). *See, e.g., Oresman v. G.D. Searle & Co.*, 321 F. Supp. 449, 454-55

(D.R.I. 1971); *Parrillo v. Giroux Co., Inc.,* 426 A.2d 1313, 1320 (R.I. 1981) (adopting RESTATEMENT (SECOND) OF TORTS, §328(D) (1965)).

Strict Tort Liability

It is established law in Rhode Island that in order for a plaintiff to prevail in on a strict product liability claim that he or she must prove: (1) that there was a defect in the design or construction of the product in question; (2) that the defect existed at the time the product left the hands of the defendant; (3) that the defect rendered the product unreasonably dangerous, and by unreasonably dangerous it is meant that there was a strong likelihood of injury to a user who was unaware of the danger in utilizing the product in a normal manner; (4) that the product was being used in a way in which it was intended at the time of the accident; and (5) that the defect was the proximate cause of the accident and plaintiff's injuries. *See, e.g., Crawford v. T/Smith Stevedoring Co., Inc.,* 14 F. Supp. 2d at 211 (citing *Parrillo v. Giroux Co., Inc.,* 426 A.2d 1313 (R.I.1981)).

Implied Warranty of Merchantability

In order to establish liability for breach of the implied warranty of merchantability, plaintiff must "prove that the product is defective, that it was in a defective condition at the time it left the hands of the seller, and that said defect is the proximate cause of the injury." *Plouffe v. The Goodyear Tire & Rubber Co.,* 118 R.I. 288, 294, 373 A.2d 492, 495 (1977). A product is merchantable when it is "fit for the ordinary purposes for which such goods are used." R.I. Gen. Laws § 6A-2-314(2)(c).

Plaintiffs,
By their Attorneys,

/s/ Michael T. Eskey

______________________________

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax
**Tim@delucaandweizenbaum.com**

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2006, a true copy of the foregoing was served upon counsel of record, listed below, by electronic mail.

/s/ Michael T. Eskey

______________________________

Michael T. Eskey (RI Bar # 3035)

Jim Murphy, Esq.
Hanson Curran
146 Westminster Street
Providence, RI 0290340
jtm@hansoncurran.com

Donna LaMontagne, Esq.
Zizik, Powers, O'Connell, Spaulding &
LaMontagne, P.C.
Westminster Street, Suite 201
Providence, RI 02903
dlamontagne@zizikpowers.com