UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARY ANN KING<br>and PHILLIP KING | : | |
| | : | |
| v. | : | C.A. No.: 06-258S |
| | : | |
| STAPLES INC.; IZZY DESIGN<br>JSJ CORPORATION;<br>JOHN DOE COMPANY | : | |

## NOTICE TO TAKE DEPOSITION

| | |
|---|---|
| **DEPONENT:** | **KEEPER OF RECORDS OF**<br>**Memorial Hospital of Rhode Island**<br>**111 Brewster Street**<br>**Pawtucket, RI 02860** |
| **DATE:** | **April 17, 2007** |
| **TIME:** | **11:00 a.m.** |

Please take notice that pursuant to Rule 30 of the Rhode Island Rules of Civil Procedure, the defendants in the above-captioned matter, through counsel, will take the deposition of the above-named individual on oral examination, which examination will continue from day to day until completed, the same to commence on the date and at the time above stated at the offices of **Zizik, Powers, O'Connell, Spaulding & Lamontagne, 40 Westminster Street, Suite 201, Providence, Rhode Island 02903**, before a notary public commissioned in the State of Rhode Island.

**The above-named deponent is requested to bring those documents listed on the attached Schedule "A."**

**In Lieu of appearance, records may be delivered prior to the date of deposition to the offices of Zizik, Powers, O'Connell, Spaulding & Lamontagne, 40 Westminster Street, Suite 201, Providence, RI 02903.**

Defendants,
By Their Attorney,

/s/ Donna M. Lamontagne

Donna M. Lamontagne (#5138)
Zizik, Powers, O'Connell, Spaulding
& Lamontagne
40 Westminster Street, Suite 201
Providence, RI 02903
Tel: (401) 421-7110
Fax: (401) 421-7111

## CERTIFICATION OF SERVICE

I hereby certify that on the 23rd day of March, 2007 I caused the original of the within Notice to Take Deposition to be electronically filed with the Clerk of the United States District Court and true copies to be forwarded electronically to **Amato A. DeLuca, Esq**., DeLuca & Weizenbaum, Ltd., 199 North Main Street, Providence, RI 02903, **James T. Murphy, Esq.,** Hanson Curran LLP, 146 Westminster Street, Providence, RI 02903-2202 and **Eric D. Stubenvoll, Esq.,** Christensen & Ehret, LLP, 222 West Adams, Ste. 2170, Chicago, IL 60606.

/s/ Donna M. Lamontagne
Zizik, Powers, O'Connell, Spaulding
& Lamontagne

**Notice is hereby given of the right to challenge pursuant to § 5-37.3-6.1**

(a) Except as provided in § 5-37.3-6, a health care provider or custodian of health care information may disclose confidential health care information in a judicial proceeding if the disclosure is pursuant to a subpoena and the provider or custodian is provided written certification by the party issuing the subpoena that:

(1) A copy of the subpoena has been served by the party on the individual whose records are being sought on or before the date the subpoena was served, together with a notice of the individual's right to challenge the subpoena; or, if the individual cannot be located within this jurisdiction, that an affidavit of that fact is provided; and

(2) Twenty (20) days have passed from the date of service on the individual and within that time period the individual has not initiated a challenge; or

(3) Disclosure is ordered by a court after challenge.

(b) Within twenty (20) days after the date of service of a subpoena, an individual or his or her authorized representative may file a motion to quash the subpoena in the court in which the case is pending or, if no case is pending, in superior court. A copy of the motion to quash shall be served by the movant upon the party issuing the subpoena in accordance with the rules of civil procedure.

(c) The party issuing the subpoena may file with the court these papers, including affidavits and other sworn documents, as sustain the validity of the subpoena. The movant may file with the court reply papers in response to the issuing party's filing. The court, upon receipt of these papers may proceed in camera. The court may conduct any proceedings as it deems appropriate to rule on the motion, but shall endeavor to expedite its determination.

(d) The court shall grant a motion to quash unless the requesting party can demonstrate that there is reasonable ground to believe the information being sought is relevant to the proceedings, and the need for the information clearly outweighs the privacy interest of the individual.

(e) In determining whether the need for information clearly outweighs the privacy of the individual, the court shall consider:

(1) The particular purpose for which the information was collected;

(2) The individual's reasonable expectation of privacy in the information;

(3) The degree to which disclosure of the information would embarrass, injure, or invade the privacy of the individual;

(4) The effect of the disclosure on the individual's future health care;

(5) The importance of the information to the lawsuit or proceeding; and

(6) Whether the information is available from another source, including Rule 35 of the Superior Court Rules of Civil Procedure.

(f) If the court determines that a subpoena should issue, the information shall not be disclosed for any other purpose except as authorized by this chapter.

(g) Nothing contained in this section is construed to bar a health care provider or custodian of health care information from filing a motion to quash a subpoena for this information in accordance with the rules of civil procedure.