**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MARY ANN KING, and<br>PHILLIP KING | : | |
| vs. | : | C.A. No. 06-258S |
| STAPLES, INC.; IZZY DESIGN;<br>JSJ CORPORATION; and<br>JOHN DOE COMPANY | : | |

**OBJECTION TO RHODE ISLAND HOSPITAL'S**
**MOTION TO QUASH AND NOTICE OF PLAINTIFF'S AUTHORIZATION**

Now come the Defendants, JSJ Corporation and Izzy Design and hereby object to Rhode Island Hospital's Motion to Quash and/or Protective Order.

In support of its Objection and, in furtherance of its subpoena, Defendants submit the following:

1. Plaintiff has agreed to sign an authorization. (Exhibit A: Correspondence)

2. Defendants have notified Rhode Island Hospital of the agreement. (Exhibit B: Correspondence)

3. Defendants satisfied the procedural requirements of issuing a subpoena for health care records in this jurisdiction.

The subpoena issued by Defendants comports with Rhode Island's Rules of Civil Procedure. Consistent with both federal and state requirements, Defendant issued the record-keeper subpoena by way of a constable, leaving more than twenty days for potential objection. Moreover, Defendant supplied Plaintiff's counsel with notification of the Plaintiff's right to challenge the subpoena; all of which is relayed in Exhibit C, a copy of the subpoena's contents. [Exhibit C: *Subpoena*]

Contrary to the Rhode Island Hospital's assertion within its motion, the subpoena contains a certification that it was sent to Plaintiff's counsel along with the commensurate notice regarding Plaintiff's challenge rights. [Exhibit C: *Subpoena*]

As evidence of her notice and voluntary waiver, Plaintiff's counsel forwarded a letter acknowledging receipt and requesting copies of any documents obtained through the subpoena. [Exhibit D: *Correspondence*]

**4. In the context of this action, Plaintiff waived her confidentiality privilege by virtue of the breadth of her bodily injury and mental health claims affirmatively sought in this action.**

By filing the within action and broadly claiming certain bodily injury and mental health damages, Plaintiff and her husband have waived the claim of privilege associated with Mrs. King's physical and mental health care records. Determining Plaintiff's baseline condition, both from a physical and mental health perspective, provides sufficient relevance for the breadth of the inquiry described in the subpoena.

Notably, beyond claiming the rudimentary spinal issues reportedly associated with her fall, Plaintiff also made reference in her deposition to her on-going care involving a staph infection adversely affecting her liver, her kidneys, and her mental health. Plainly stated, the staph infection and its adverse reaction opened the entirety of her physical health to a relevant inquiry.

Moreover, according to the Defendant's knowledge at this point and Plaintiff's deposition testimony, Plaintiff experienced spinal pain *prior* to the incident that forms the basis for her Complaint.

**5. Rhode Island's Health Care Confidentiality Act contemplates disclosure in this context where notice has been made, plaintiff has failed to object, and the records are relevant to the underlying proceeding commenced by the plaintiff.**

As reflected in the language of R.I.G.L.§ 5-37.3-4 (b)(8)(iii)[1], Defendant's issuance of a health care subpoena to the record keeper of a health care facility is an act contemplated by the act. Disclosure does not require the Plaintiff's consent but, rather, is governed by the discovery methods of the court; provided the records are deemed relevant.

For the reasons contained herein, Defendants request that the Motion to Quash be passed to allow an authorization to be signed by plaintiff. In the alternative, defendants respectfully request an order of this Honorable Court denying the motion.

Defendants,
By Their Attorney,

/s/ Donna M. Lamontagne

Donna M. Lamontagne (#5138)
Zizik, Powers, O'Connell, Spaulding
& Lamontagne
40 Westminster Street, Suite 201
Providence, RI 02903
(401) 421-7110

---

[1] (b) No consent for release or transfer of confidential health care information shall be required in the following situations:

(8)(ii) Disclosure by a health care provider of a patient's health care information which is relevant to a civil action brought by the patient against any person or persons other than that health care provider may occur under the discovery methods provided by the applicable rules of civil procedure (federal or state). This disclosure shall not be through informal ex parte contacts with the provider by persons other than the patient or his or her legal representative. Nothing in this section shall limit the right of a patient or his or her attorney to consult with that patient's own physician and to obtain that patient's own health care information.

/s/ Eric D. Stubenvoll
Eric D. Stubenvoll
(Out of State Counsel)
CHRISTENSEN & EHRET, LLP
222 W. Adams Street, Suite 2170
Chicago, IL 60606
(312) 634-1014
Attorney I.D. 31639

## CERTIFICATION OF SERVICE

I hereby certify that on the 10th day of April, 2007 I caused the original of the within Objection to be electronically filed with the Clerk of the United States District Court and true copies to be forwarded electronically to **Amato A. DeLuca, Esq and Michael T. Eskey, Esq.**, DeLuca & Weizenbaum, Ltd., 199 North Main Street, Providence, RI 02903 and **James T. Murphy, Esq. and Kelly N. Michels, Esq.,** Hanson Curran LLP, 146 Westminster Street, Providence, RI 02903-2202

/s/ Donna M. Lamontagne
Zizik, Powers, O'Connell, Spaulding
& Lamontagne