UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARY ANN KING<br>and PHILLIP KING<br>Plaintiffs | : | |
| v. | : | C.A. No.: 06-258-S |
| STAPLES INC.; IZZY DESIGN;<br>JSJ CORPORATION;<br>JOHN DOE COMPANY<br>Defendants | : | |

**JOINT MOTION TO MODIFY PRETRIAL ORDER**

Now come the parties in the above-captioned matter and hereby respectfully request this Honorable Court to issue an Order modifying the Pretrial Order to extend the time allowed for the completion of fact discovery and corresponding deadlines. As grounds, the parties state as follows:

1. This is a products liability action in which plaintiff, Mary Ann King, claims that she sustained serious injuries as a proximate result of the failure of a defective and negligently designed office chair. Ms. King claims that defendants designed, manufactured, and sold the subject chair. Defendants deny plaintiff's claims.

2. The model chair that plaintiff alleges is the subject of this action is a "Superior Centron"— which was first sold in approximately 1996, by—Superior Chair, located in Texas. Superior chair was affiliated with JSJ Corp, located in Michigan. Defendant Izzy Design—another entity affiliated with JSJ Corp.—was founded in approximately 2001-2002, and also had a role with respect to the sale of certain Centron chairs. Izzy is located in Michigan and Texas. Defendant Staples Inc., which plaintiff claims sold the subject chair to her employer, Texas Instruments, is located in Massachusetts.

3. Plaintiff claims that her employer, Texas Instruments, Attleboro (sensors division), acquired the failed Superior Centron chair from defendants. Recently obtained documents indicate that Texas Instruments, Texas, purchased thousands of Superior Centron chairs from 1996-1999, a number of which had problems similar to that which plaintiff now claims led to the failure of her Centron chair (*i.e.,* the screws attaching the back to the seat broke or became loose). Recently discovered documents further indicate that certain complaints were made to Superior Chair regarding loose back/screw problems in 1998-1999. In 2000, a product bulletin was issued to customers (largely office equipment dealers) concerning the issue.

4. While discovery has been reasonably pursued by the parties, they have not yet had sufficient time to complete it. Yet to be completed, in particular, is the location and production of certain documents, depositions of medical providers, and depositions of out-of-district fact witnesses who have only recently become known to the parties through discovery depositions.

5. Discovery has been prolonged by a number of circumstances beyond the immediate control of the parties, the significance of which has only become apparent to the parties as discovery has progressed. Foremost is the fact that important documents are in the possession, custody, and control of third parties. Indeed, a key non-party (Texas Instruments, Texas) only recently identified and produced documents material to liability, which documents additionally identify several out-of-state fact witnesses—several of whom are in Texas—whose depositions are to be noticed and completed.

6. Similarly extending discovery is the fact that, as set forth above, party and non-party documents and witnesses are located in Rhode Island, Massachusetts, Michigan, and Texas. Obtaining discovery from these persons and entities necessarily involves communication and scheduling issues which require more time than ordinarily anticipated.

7. Additionally complicating discovery is the fact that several key persons with knowledge of the design, and changes in the design of the Centron product that is the subject of this action are no longer employed by the defendant companies.

8. The parties have discussed what discovery remains to be completed, and anticipate being able to do so within the modified schedule set forth below.

9. The requested modification is necessary to enable the parties to complete discovery.

10. Granting the within request will not prejudice the parties, will not significantly alter the deadlines set forth in the original pretrial order, and will not significantly delay resolution of the action.

11. The parties are mindful that scheduling orders are an essential tool in the Court's efficient and effective management of a crowded calendar. The within motion is not intended to either delay the consideration of this matter or to prejudice the Court's administration of its docket, but is necessitated by the exigencies described above.

WHEREFORE, the parties respectfully request that the Court grant the within motion and enter an order modifying the scheduling order in the following respects:

**Fact Discovery Closure:** November 23, 2007

**Plaintiff Expert Disclosure:** December 13, 2007

**Defendant Expert Disclosure:** January 21, 2008

**Expert Depositions, Commence:** January 23, 2008

**Expert Discovery Closure:** April 18, 2008

**Dispositive Motions, Filed On or Before:** May 1, 2008

Plaintiffs,
By their Attorneys,
/s/ Michael T. Eskey
Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax
tim@delucaandweizenbaum.com

Defendant, Staples, Inc.
By its Attorneys,
/s/ Kelly N. Michels
Kelly Michels (#6478)
**Hanson Curran**
146 Westminster Street
Providence, RI 02903
(401) 421-2154
(401) 521-7040 Fax
knm@hansoncurran.com

Defendant, Izzy Design and
JSJ Corporation
By their Attorneys,
/s/Donna Lamontagne
Donna LaMontagne (#5138)
**Zizik, Powers, O'Connell, Spaulding & LaMontagne, P.C.**
40Westminster Street, Suite 201
Providence, RI 02903
(401) 421-7110
(401) 421-7111 Fax
dlamontagne@zizikpowers.com

Defendant, Izzy Design and
JSJ Corporation
By their Attorneys,
/s/ Eric D. Stubenvoll
Eric D. Stubenvoll (Out of State Counsel)
**Christensen & Ehret, LLP**
222 West Adams, Ste. 2170
Chicago, IL 60606
(312) 634-1014
(312) 634-1018 Fax
estubenvoll@christensenehret.com