UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARY ANN KING and PHILLIP KING Plaintiffs | : | |
| v. | : | C.A. No.: 06-258-S |
| STAPLES INC.; IZZY DESIGN; JSJ CORPORATION; JOHN DOE COMPANY Defendants | : | |

## PLAINTIFFS' INTERROGATORIES TO DEFENDANT IZZY DESIGN

Plaintiff hereby propounds the following interrogatories to Defendant Izzy Design, to be answered under oath within thirty (30) days as provided by Rule 33 of the Rhode Island Rules of Civil Procedure.

## DEFINITIONS

1. The term "the product" as used in these interrogatories shall mean the product which is claimed to have caused injury or damage to the plaintiff as alleged in the plaintiff's pleadings, more particularly, "Superior" "Centron" brand office chairs designed, made, marketed, and/or sold by defendant before June 2003.

2. The term "similar products" as used in these interrogatories shall mean products other than "the product" which are essentially and substantially similar to "the product" with regard to design, specifications, material composition, make, and model, and which are either designed, manufactured, assembled, packaged, sold, distributed, advertised, installed, serviced, prepared, maintained, or in any way handled by the Defendant.

3. The term "comparable products" as used in these interrogatories shall mean products other than "the product" or "similar products" which have likeness as to design, specifications, dimensions, or material composition <u>or have the same general uses</u> as "the product" of "similar products."



EXHIBIT
tabbies
I

INTERROGATORY

1. Please state the full name, address, job title and employer of the person answering these interrogatories, of each person assisting in answering these Interrogatories on behalf of Defendant, and the name and address of each person known to Defendant, its representatives, employees, agents and/or assigns, having knowledge of facts concerning the product (particularly the product's original design, its design in 1996-2003, and any changes in the design of the connection or attachment of the back support or "J" bar to the chair), the product's origin (i.e., place of manufacture), the occurrence which is the basis of this suit, the cause thereof, or the injuries and damages resulting therefrom.

INTERROGATORY

2. With respect to any person you expect to call as an expert witness at trial, state:

a) the name, address and specialty of each expert;
b) the subject matter upon which each expert is expected to testify;
c) the substance of the facts and opinions to which each expert is expected to testify; and,
d) a summary of the grounds for each opinion.

INTERROGATORY

3. Describe any insurance agreement, including excess coverage, under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

INTERROGATORY

4. Please state whether this Defendant or its agents, servants and assigns had knowledge before June 2003 of:

a) prior occurrences involving personal injuries caused or incurred in connection with the use of the product; and/or
b) problems, reports of problems, or incidents concerning the connection or attachment of the back support or "J" bar to the chair.

If so, please identify all such occurrences, problems, reports, or incidents and for each such occurrence, problem, report, or incident, please state: the date; a description of the occurrence, problem, or incident (including any claimed consequences); what action(s), if any, defendant took in response (including product modifications or changes); the name and address of any person or entity with custody of written reports or documents; whether any investigation or testing was performed and, if so, when, by whom, and what findings were made; all persons with knowledge, including all persons injured and/or reporting the occurrence, problem, or incident.

INTERROGATORY

5. Please identify with specificity any and all public and non-governmental rules, regulations, codes, safety codes, standards, guidelines, and/or specifications known to this Defendant which govern, regulate, apply to, or were used in the design, manufacture, production, and/or assembly of the connection or attachment of the back support or "J" bar to the chair, including but not limited to ANSI/BIFMA standards and Cal TB133. For each such provision, please identify: the provision, the date(s) of publication and applicability; the author of the provision or body promulgating the provision; the publication in which the provision appears; whether the design, manufacture, production, and/or assembly of the connection or attachment of the back support or "J" bar to the chair before June 2003 complied with or exceeded the provision.

INTERROGATORY

6. Was it anticipated that the product or similar products would fail, break, deteriorate, or wear out? If so, please (i) describe each and every circumstance or mode known to Defendant before June 2003 under which it was anticipated that the product would fail, break, deteriorate, or wear out; and (ii) state, within a ten year period preceding the date of the incident alleged herein, whether any testing was performed by or for defendant to determine failure modes for the product and, if such testing was performed, please identify:

a) the nature of the testing;
b) whether the testing specifically concerned or included testing of structural connections and/or interfaces in the product;
c) whether the testing specifically concerned or included the connection or attachment of the back support or "J" bar to the chair
d) when the testing took place and by whom;
e) the name and address of the persons in charge of each testing;
f) whether the protocol, data, findings, results, conclusions, etc. of each testing was reduced to a writing; and
g) the name and address of the person or entity with custody and control of any documents containing this information.

INTERROGATORY

7. In connection with the product, please state whether this Defendant required or recommended that any other defendant in this lawsuit or any other natural or legal person inspect, test, assemble, and/or repair the connection or attachment of the back support or "J" bar to the chair. If your answer is in the affirmative, please state:

a) the persons or entities defendant required or recommended inspect, test, assemble, and/or repair the product;
b) how often and when defendant required or recommended those persons or entities to inspect, test, assemble, and/or repair the product;
c) what specifically this defendant required or recommended those persons or entities do to inspect, test, assemble, and/or repair the product;

d) how specifically this defendant instructed or communicated to those persons or entities of defendant's requirements or recommendations to inspect, test, assemble, and/or repair the product;
e) the name and address of the employee or agent of this defendant who currently has the most knowledge of defendant's requirements and recommendations in these areas; and,
f) the name and address of the person or entity having custody of any document evidencing defendant's requirements and recommendations in these areas.

INTERROGATORY

8. Identify any tests, inspections, or investigations that were performed for any structural connection, joint, and/or interface in the product before or after 6/2/03, including but not limited to the connection or attachment of the back support or "J" bar to the chair. For each such test, inspection, or investigation, please state:

a) the nature of such tests, inspections, or investigations;
b) the date(s) of each test, inspection, or investigation;
c) test protocol(s) used;
d) results obtained;
e) the name and address of the person or entity, agency or laboratory conducting such tests, inspections, or investigation; and
f) the name and address of the person or entity with custody of any written reports made of each such test, inspection, or investigation.

INTERROGATORY

9. Describe any and all warnings, bulletins, instructions, notices, recalls, or communications of any kind (regardless of form, *e.g.*, tag, label, plate, lettering, stencil, package insert, manual, letter, notice, website posting, etc.) to purchasers and users of the product relating in any way to the attachment of the seat back to the product from 1994 to 2003, including but not limited to information and communications concerning inspection or maintenance of the screws, bolts, or other method of connection, joining, or attachment of the seat back to the chair. For each such warning, bulletin, instruction, notice, recall, or communication, please state:

a) its first date of use;
b) all inclusive dates of use;
c) its last date of use;
d) the manner in which it was made or communicated to purchasers and users;
e) the person(s) to whom it was directed;
f) the exact language used;
g) all persons responsible for its publication;
h) the reason(s) for its use;
i) the reason(s) for its discontinuation;
g) the name and address of the employee or agent of this defendant who currently has the most knowledge of these areas; and,
j) the name and address of the person or entity having custody of any document evidencing each such warning, bulletin, instruction, notice, recall, or communication.

INTERROGATORY

10. Identify and describe the manner in which the back support for the product was connected or attached to the chair from 1994 to the present. Include in your answer descriptions of any and all alterations, modifications, or changes to the original design concerning the manner in which the back support was connected, joined, or attached to the chair, and additionally indicate for each such alteration, modification, or change:

a) the date it was adopted;
b) how it was approved
c) each designer or engineer, technician, or other employee or agent who was responsible for it;
d) all testing and inspections performed on the product in relation to the alteration, modification, or change before and after its adoption;
e) all persons who approved it;
f) all reason(s) for it;
g) the name, business and residence address and telephone number of each person or entity known to you who participated in accomplishing such action;
h) identify, with such particularity as would allow for request for production, each and every document or writing relating to said action(s); and
i) the name, business and residence address and telephone number of the past and present custodian(s) of any document or writing identified in your answer to the foregoing subpart of this interrogatory.

INTERROGATORY

11. Were there any alternative designs or manufacturing or assembly methods other than those actually employed for permanently and securely connecting, joining, or attaching the back support to the product chair, which alternatives were available in 1994 – 2003 and which could have been incorporated or used in the design, manufacture, or assembly of the product, but were not so incorporated? If so, please describe any such alternative(s) and state why it (they) was (were) not incorporated or used in the design, manufacture, or assembly of the product.

INTERROGATORY

12. At the time of the original design and manufacture of the product in question, was an alternative approach or design considered which would have eliminated or substantially reduced the danger or risk of harm that is complained of in this lawsuit? If so, please describe the alternative design, when it was considered, and why it was not adopted or utilized.

INTERROGATORY

13. Please identify the natural or legal person(s) primarily responsible for the:

a) manufacture of the product (include full name (business name), address, and telephone number);

b) assembly of the product, in particular: the connection or attachment of the back support or "J" bar to the chair;
c) authorized repair of the product.

INTERROGATORY

14. State whether Defendant currently has possession, custody, or control of:

a) an exemplar of the product manufactured in 1996 or thereafter which utilizes a 2 bolt or screw design to attach, join, or connect the back support to the chair;
b) photographs, drawings, sketches or diagrams of the product depicting a 2 bolt or screw design to attach, join, or connect the back support to the chair;
c) an exemplar of the product manufactured in 1996 or thereafter which utilizes a 3 or 4 bolt or screw design to attach, join, or connect the back support to the chair;
d) photographs, drawings, sketches or diagrams of the product depicting a 3 or 4 bolt or screw design to attach, join, or connect the back support to the chair;

If so, please state the location of each items and the name and address of the person or entity having possession, custody, or control of it.

INTERROGATORY

15. State the name and address of the person or persons, either currently or formerly employed by Defendant, or known to Defendant, its agents and assigns, who possess the greatest amount of knowledge and skill with regard to the product in each of the following areas:

a) design;
b) sales;
c) returns;
d) claims;
e) complaints;
f) marketing;
g) safety;
h) reports of problems by purchasers or users;
i) regarding similar products: design, sales, returns, claims, complaints, marketing, safety, reports of problems by purchasers or users; and
j) regarding comparable products: design, sales, returns, claims, complaints, marketing, safety, reports of problems by purchasers or users.

INTERROGATORY

16. Does the Defendant contend:

a) that the product was altered or modified between the time it was sold and the date of the occurrence in question? If so, please describe what alterations or modifications defendant contends were made with respect to the product, and how any such change contributed, if any, to the accident in question;

b) that the product was being used at the time of the occurrence as it was designed to be used? If Defendant contends that Plaintiff was misusing the product in any way please describe in detail how you contend it was being misused and list all facts which you claim support a misuse contention;

c) that the Plaintiff failed to heed or comply with any instruction or warning in connection with the occurrence in question and, if so, whether such failure, if any, on the part of the Plaintiff had any causal connection with the Plaintiffs injuries? If so, please state all facts which Defendant claims support this contention.

d) that any other person or entity is responsible for any act or omission which caused or contributed to cause the occurrence in question or the alleged defect or condition which Plaintiff alleges was a cause of the occurrence in question? If so, please describe Defendant's contention in detail, including each and every supporting fact.

INTERROGATORY

17. Please describe in detail all written material, including written material on packaging, that accompanied or was affixed, or which should have accompanied or been affixed to the product at the time it was sold from 1994 to the present. If alterations, changes, or modifications occurred in these items from during that time, please describe them specifically, indicating for each such alteration, change, or modification: the date thereof; all persons who approved it; the reason(s) for it.

INTERROGATORY

18. Identify the date that Defendant or any of its officers, employees, agents, or representatives first became aware of the occurrence alleged in plaintiffs' complaint and describe all steps that this Defendant took from that time to determine whether and, if so, when it sold the product.

INTERROGATORY

19. Identify or reasonably estimate how many Superior Centron chairs were sold by this Defendant before 2004 with two screws or bolts connecting, joining, or attaching the back support to the chair.

INTERROGATORY

20. Identify the name of the manufacturer(s) and the place(s) where the product was manufactured from 1994 through 2003, inclusive.

Plaintiffs
By their Attorneys,

Amato A. DeLuca (0531)
Miriam Weizenbaum (5182)
Michael T. Eskey (3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
401-453-1500
401-453-1501 (facsimile)

## CERTIFICATION

I hereby certify that I served a true copy of the within to the following attorneys of record on the 30 day of May, 2007 by *hand delivery and first-class mail.*

Jim Murphy, Esq.
Hanson Curran
146 Westminster Street
Providence, RI 0290340

Donna LaMontagne, Esq.
Zizik, Powers, O'Connell, Spaulding & LaMontagne, P.C.
Westminster Street, Suite 201
Providence, RI 02903

Eric D. Stubenvoll (*first class mail*)
Christensen & Ehret, LLP
222 West Adams, Ste. 2170
Chicago, IL 60606