UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARY ANN KING and PHILLIP KING | ) | |
| v. | ) | C.A. No.: 06-258S |
| STAPLES INC.; IZZY DESIGN JSJ CORPORATION; JOHN DOE COMPANY | ) | |

**IZZY DESIGN AND JSJ CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants Izzy Design ("Izzy") and JSJ Corporation ("JSJ'), by their undersigned attorneys, submit the following Reply Memorandum in support of their motion for summary judgment.

**INTRODUCTION**

As plaintiffs point out, the crux of the instant motion is that, because the chair is missing: (1) plaintiffs could never establish that the chair was manufactured by defendants; and (2) even if plaintiffs could overcome that hurdle, they could never establish that a manufacturing or design defect proximately caused Mrs. King's accident.

With respect to the first point, Mrs. King has now submitted an affidavit in which she states that she is "confident" a chair shown in a picture (which appears to be Superior Centron) was involved in her accident. The picture, however, does not show the features of the chair that would allow one to compare it with Mrs. King's sworn deposition testimony, in which she identified features not present on a Superior Centron. It thus cannot be used to create an issue of fact, as it does not bear on the issue. Indeed, Rhode

Island law is clear that speculative, conclusory testimony such as that in Mrs. King's affidavit is insufficient to create an issue of fact.

Plaintiffs have also been unable to establish any facts showing that manufacturing or design defects caused her accident. While Plaintiffs' memorandum in opposition devotes little attention to this issue, their rationale for being allowed to proceed to trial is twofold: (1) because the defendants experienced similar problems with other chairs on the market, it is for the jury to decide if those same defects caused Ms. King's chair to fail; and (2) it would be premature to decide the issue before plaintiffs have an opportunity to disclose their expert opinions. Neither argument is persuasive given the applicable law. There is no evidence that this chair failed because of any defect. Given that no one will ever know what caused the screws to come loose, plaintiffs could never establish proximate cause. It is simply impossible to do so without the physical evidence. Moreover, the caselaw is clear that expert testimony on this issue, not provided here, is required in order to defeat summary judgment.

Furthermore, plaintiff failed to properly address the facts set forth in Defendants' Motion for Summary Judgment, as required by Local Rule 56(a)(3). Rather, plaintiff elected to bury its compliance in a footnote before setting forth its own version of events. In so doing, plaintiff avoided the analytical task of addressing each fact. The result, Defendant maintains is an admission of all the facts. While plaintiff may hold fast to its footnote compliance with the "otherwise controverted" language of LR 56(a)(3), defendant is entitled to a line-by-line analysis of plaintiff's position on the facts set forth by defendant.

Finally, even if the court were to believe there was an issue of fact with respect to those two issues, the strict products liability count fails. The evidence is unrefuted that the mystery chair was modified before the accident. Even if that were not the case, there is no evidence as to the chair's condition at the time of the accident. As such, plaintiffs' could never prove that the chair was in the same condition as at the time of sale – a threshold requirement.

## ARGUMENT

### I. Mrs. King's Affidavit Cannot Create an Issue of Fact As to the Manufacturer of the Product.

Plaintiffs were unable to submit any competent, reliable, admissible evidence establishing that the chair involved in the accident was manufactured by defendants. Left in that precarious situation, Mrs. King chose to execute an affidavit stating as follows:

> Based on my review of these materials and my familiarity with and recollection of the chair that broke on me on June 3, 2003, I am confident that:
>
> (a) The chair that broke on me is the same type of chair as the "Superior" brand chair depicted in the photographs contained in the Chair Inspection Guidelines.
>
> (b) The chair that broke on me is the same type of chair as the chair depicted in the photograph on page 1 of the 8D Incident Investigation Report.

(RA at 80-85). There is no way to construe this affidavit as competent, admissible evidence. To begin with, Mrs. King does not actually swear to any fact, merely stating that she is "confident" it is the same type of chair. That does not constitute admissible evidence. Second, Mrs. King provided a very specific description of the chair in her deposition, identifying two features not present on Superior Centrons. She testified that, to adjust the back on her chair, there was a round knob on the back that turned. (SUF at ¶

21). Ms. King also testified there were levers to move the chair up and down under the bottom of the seat that the user had to push it in and turn it to lock in or lock out. (SUF at ¶¶ 23, 24). The Centron has no such levers or knobs. (SUF at ¶ 22, 25).

The picture Mrs. King relies upon to allegedly identify the chair, however, does not show all of the controls on the chair so she could see if it matches her original description. Some photos actually show functions inconsistent with her sworn description.[1] The affidavit is thus meaningless.

The caselaw is instructive. *Clift v. Vose Hardware, Inc.* 848 A.2d 1130 (R.I. 2004), involved allegations that a defective bungee cord injured the plaintiff. The product was missing. The plaintiff submitted an affidavit that provided:

> "I maintain that 'the Cord' that caused my injury was sold by Defendant, Vose True Value Hardware, Inc., from its business location at 849 Cumberland Hill Road, Woonsocket, RI 02895. "That prior to my injury, as part of my job duties, I picked up similar 'Bungee Cords' for Harvey from Vose True Value Hardware, Inc., at its Lincoln, RI location, which may have included 'the Cord.'
>
> "That after I was treated for my injury, I returned to Harvey to retrieve the [sic] 'the Cord' that caused my injury. I could not do this, because, I was told that this [sic] 'the Cord' had been discarded/thrown away. "That prior to my injury, I had used 'the Cord' as part of my work and therefore I was and still am familiar with it. "After my injury, I viewed another 'Bungee Cord' that I believe was also purchased from the Defendant, Vose True Value Hardware, Inc. "I state that the other 'Bungee Cord' mentioned in paragraph 10 above that I viewed after my injury, was identical to 'the Cord' that I was using on May 26, 1995, that caused me to sustain an injury to my left eye. "Based upon all of the above, I state that the [sic] 'the Cord' that caused my injury(s) on May 26, 1998, was sold by the Defendant, Vose True Value Hardware, Inc. to my former employer, Harvey."

---

[1] If she is claiming that her affidavit creates an issue of fact, she would be directly contradicting her deposition testimony describing a different chair. A party cannot create an issue of fact by submitting a contradictory affidavit. *See, Bard v. Mark Steven CVS, Inc.*, 378 F. Supp. 2d 33, 38-39 (Dist. R.I. 2005). *Morales v. A.C. Orsslef's EFTF,* 246 F. 3d 32, 35 (1st Cir.2001); *Colantuoni v. Alfred Calcagni Sons, Inc.* 44 F.3d 1, 4-5 (1st Cir. 1994).

*Id.* at ¶ 31-33. The Rhode Island Supreme Court affirmed an award of summary judgment. The court noted that while product identification can, in some circumstances be established by circumstantial evidence, such evidence must establish that it is reasonably probable, and not merely possible, that the defendant was the source of the offending product. Mere speculation, guess or conjecture is insufficient. The court specifically noted that the affidavit was conclusory and thus insufficient. *Clift,* 848 A.2d at 1132-33.

This case is no different. Plaintiff's affidavit does no more than conclude that she is "confident" the chair involved in her accident was the same model as one in a picture. Under the law set forth in *Clift*, that is not enough.[2]

The only other argument plaintiffs advance to defeat the motion is that, Al Brown and Jim Drews identified a chair they believed was involved in the accident as a Superior Centron. Those witnesses, however, had no personal knowledge as to whether the chair they saw was involved in Mrs. King's accident.[3] (SUF at ¶s 31-32, 35-36). Russell Loxley was the only person with such knowledge. He was the first person to touch the chair after the incident and was present within minutes of the accident. (SUF at ¶ 14). He immediately took the chair to his work area and, within a few days of the accident, removed the existing screws and reattached the back with new screws. He had possession of the chair until it was fixed. (SUF at ¶ 15, 17, 18). Notably, he did not

---

[2] In an effort to bolster their arguments, plaintiffs' devote pages of their memorandum citing to cases from other jurisdictions that have applied different, and in some cases more lenient standards regarding product identification. Those cases are of no relevance – it is Rhode Island law that is at issue.

[3] Plaintiffs' suggestion that Pam McGee identified the chair (Memorandum in Opposition, p. 9) is not correct. Ms. McGee was shown pictures of what purportedly was a Superior Centron and testified it resembled Ms. King's chair. *See* (RA at 100-101) (McGee Dep. at 82-86).

think the chair involved in the accident was a Superior chair. (SUF at ¶ 18). Once it was repaired, he put it back in the hallway. (SUF at ¶ 16).

Well after the time Mr. Loxley fixed the chair, Brown and Drews saw a chair that was in two pieces. (SUF at ¶ 31-36). It thus could not have been Mrs. King's chair, meaning their testimony is inadmissible and cannot be used to create an issue of fact. Moreover, plaintiffs' suggestion that a jury should be allowed to infer that someone disassembled the chair (Memorandum in Opposition, p. 20) is ill-conceived. There is no evidence to that effect, meaning it is not an issue for a jury.

## II. Plaintiffs Cannot Establish That a Manufacturing or Design Defect Proximately Caused Plaintiffs Injuries.

A plaintiff must prove that the product was in defective condition at the time it left the hands of the particular seller. *Ritter v. Narragansett Electric Co.,* 283 A.2d 255, 263 (1971). When a product is missing, expert testimony is required to establish that a defect existed at the time the product left defendant's possession and that the defect caused plaintiff's injury. *See, Olshansky v. Rehrig International et al.*, 872 A.2d 282 (R.I. 2005).

Plaintiffs have not submitted an expert affidavit to meet this burden – and for good reason. There are numerous explanations as to why a back would come off of a chair or screws would come loose. Not all constitute design defects. There could have been an error in assembly. There could have been an error in routine maintenance. The screws, which were discarded, could have been overtightened or stripped (something plaintiff was told had occurred). The chair could have been broken down from extensive use. We have no idea how old it was or how much it was used. Replacement parts could have failed. Not only are these scenarios possible, but likely given Ms. King's testimony

that her chair had problems that Texas Instruments tried to fix. (SUF at ¶ 26-30). It is hard to believe any expert would opine to the contrary.

Regardless, plaintiffs' failure to submit expert testimony in opposition to the motion is fatal, and their suggestion that the motion is premature because expert disclosures are not yet due is misplaced. One cannot defeat summary judgment based upon speculation that an expert might say something in the future. Where expert testimony is clearly required, as is the case here, that expert testimony must be supplied in opposition to the motion. *See, Paradis v. Zarrella,* 683 A. 2d 1337, 1339 (R.I. 1996); *Mills v. State Sales, Inc.,* 824 A.2d 461, 469 (R.I. 2003).

**III. The Strict Liability Claims Cannot Survive.**

A manufacturer is not strictly liable where there has been a substantial change in the product after its sale. *See, Simmons v. Lincoln Electric Co.*, 1995 R.I. Super. LEXIS 131 ("a subsequent alteration or modification to a product which is a substantial cause of plaintiff's injuries absolves the products liability defendant from liability"); *La Plante v. American Honda Motor Co.,* Inc., 27 F.3d 731 (1st Cir. 1994). In this case, it is unrefuted that there were modifications to the chair. Ms. King reported problems with the chair slipping out of the upright position every couple of months prior to the incident. (SUF at ¶ 26). Ms. King tried to remedy the problems with her Chair by herself and would "tighten it in." (SUF at ¶ 27). The maintenance men "tried to fix [it]…adjust everything…[and] make sure everything was alright." (SUF at ¶ 28). Several months before the accident, one of the maintenance men looked at the chair, "tightened it in," and "checked it out real good to make sure…nothing was gonna fall off" …[and] ma[d]e sure

everything was tight." (SUF at ¶ 29). He told her it was a little "stripped." (SUF at ¶ 30). Clearly, the chair was no longer in the same condition as at the time of sale.

Even without such evidence, as there is no chair to examine and no witness who has testified to its exact condition at the time of the accident, plaintiffs could never establish that the chair was in the same condition as when it was sold. Accordingly, the strict products liability count cannot stand.

## CONCLUSION

For the reasons set forth above and in the Memorandum in Support, Izzy Design and JSJ Corporation request that the Court enter summary judgment in their favor and award such other relief as the court deems proper.

**IZZY DESIGN AND JSJ CORPORATION**

By: /s/ Donna M. Lamontagne
Donna M. Lamontagne
Zizik, Powers, O'Connell, Spauling & Lamontagne, P.C.
40 Westminster Street, Suite 201
Providence, Rhode Island 02903
(401) 421-7110
(401) 421-7111 Fax

Eric D. Stubenvoll
Alika Moitra
Christensen & Ehret, LLP
222 West Adams, 21st Floor
Chicago, Illinois 60606
(312) 634-1014
(312) 634-1018 Fax
119900

## CERTIFICATION OF SERVICE

I hereby certify that on the 19th day of December, 2007 I caused the original of Izzy Design and JSJ Corporation's Reply Memorandum in Support of Their Motion for Summary Judgment, to be electronically filed with the Clerk of the United States District Court and true copies to be forwarded electronically to **Amato A. DeLuca, Esq. and Michael T. Eskey, Esq.,** DeLuca & Weizenbaum, Ltd., 199 North Main Street, Providence, RI 02903, **James T. Murphy, Esq. and Kelly N. Michels, Esq.,** Hanson Curran LLP, 146 Westminster Street, Providence, RI 02903-2202 and **Eric D. Stubenvoll, Esq.**, Christensen & Ehret, LLP, 222 West Adams Street, Chicago, IL 60606.

/s/ Donna M. Lamontagne
Zizik, Powers, O'Connell, Spaulding
& Lamontagne, P.C.