**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MARY ANN KING and PHILLIP KING | : | |
| v. | : | C.A. No.: 06-258-S |
| STAPLES INC.; IZZY DESIGN JSJ SEATING COMPANY TEXAS, LP; JSJ SEATING CORPORATION; JOHN DOE COMPANY | : | |

**DEFENDANTS IZZY DESIGN, JSJ SEATING COMPANY TEXAS LP AND JSJ SEATING CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants JSJ Furniture Corporation d/b/a Izzy Design ("Izzy Design"), JSJ Seating Company Texas, LP ("JSJ Seating Company") and JSJ Seating Corporation ("JSJ") (collectively referred to as "Defendants"), by their undersigned attorneys, for their Answer and Affirmative Defenses to Plaintiffs' Amended Complaint, state as follows:

**ANSWER**

1. Plaintiffs Mary Ann King and Phillip King are citizens and residents of Woonsocket, Rhode Island, and at all times material are/were married with each other.

**ANSWER: Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 1.**

2. Defendant, Staples Inc. ("Staples") is a corporation existing under the laws of Delaware, with a principal place of business located in the Commonwealth of Massachusetts.

**ANSWER: Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 2.**

3. Among other things, Staples sells and distributes office furniture, including, at all material times office chairs designed and manufactured by Izzy Design and JSJ Corporation.

**ANSWER: Defendants admit that Staples served as a distributor for certain of Izzy Design's office chairs. Defendants deny that Staples sells or distributes office furniture manufactured by JSJ Corporation. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3.**

4. Defendant Izzy Design ("Izzy"), is a corporation existing under the laws of the State of Michigan with a principal place of business therein.

**ANSWER: Denied. Answering further, defendants admit that Izzy Design is a d/b/a for JSJ Furniture Corporation, a Michigan corporation.**

5. Among other things, Izzy designs, manufactures, makes, sells, and distributes commercial office furniture, including office chairs and component parts.

**ANSWER: Defendants admit that Izzy Design's business involves the sale of office furniture, including chairs. Defendants deny all remaining allegations in paragraph 5.**

6. Defendant JSJ Seating Company Texas, LP is a limited partnership existing under the laws of the State of Texas, with a principal place of business therein.

**ANSWER: Admitted.**

7. Among other things, JSJ Seating Company Texas, LP designs, manufactures, makes, sells, and distributes commercial office furniture, including office chairs and component parts.

**ANSWER: Defendants admit that JSJ Seating Company Texas, LP's business was involved with the sale of office furniture, including chairs. Defendants deny all remaining allegations in paragraph 7.**

8. Defendant JSJ Seating Corporation is a corporation existing under the laws of the State of Michigan, with a principal place of business therein.

**ANSWER: Denied.**

9. Among other things, JSJ Seating Corporation designs, manufactures, makes, sells, and distributes commercial office furniture, including office chairs and component parts.

**ANSWER: Denied.**

10. Defendant John Doe Company, alias, is a corporation, company, business venture, partnership, LLC, proprietorship, or other business organization. The true name of the defendant John Doe Company is unknown to plaintiff, who consequently sues said defendant by fictitious name. Plaintiff will seek leave to amend the Complaint to state defendant John Doe Company's true name when such has been ascertained.

**ANSWER: Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 10.**

11. Among other things, defendant John Doe Company is a designer, manufacturer, distributor and/or retailer of commercial office equipment, including office chairs and component parts therefore.

**ANSWER: Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 11.**

## FACTS

12. On or about June 2, 2003, plaintiff Mary Ann King was employed as a purchasing assistant by Texas Instruments, in Attleboro, Massachusetts ("TI Attleboro").

**ANSWER: Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 12.**

13. On or about that date, Ms. King was performing her usual duties at TI Attleboro while seated in a "Superior" office chair.

**ANSWER: Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 13.**

14. Said office chair and its component parts were sold to Ms. King's employer by Staples.

**ANSWER: Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 14.**

15. Said office chair and its component parts were designed and manufactured by Izzy and/or by JSJ Seating Company Texas, LP and/or by JSJ Seating Corporation, and/or by John Doe Company.

**ANSWER: Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 15.**

16. Said office chair and its component parts were supplied and sold to Staples by Izzy, and/or JSJ Seating Company Texas, LP and/or by JSJ Seating Corporation, and/or by John Doe Company.

**ANSWER: Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 16.**

17. On or about June 2, 2003, said office chair was in substantially the same condition as when it was sold to Ms. King's employer by Staples.

**ANSWER: Denied**

18. At all times material, Ms. King was in the exercise of due care for her safety and the safety of others.

**ANSWER: Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 18.**

19. While seated in said office chair, Ms. King turned and leaned against the back of the chair to speak with a co-worker and the back of the chair broke and, as a proximate result, Ms. King fell to the ground and sustained severe, persistent, and permanent injuries.

**ANSWER: Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 19.**

## JURISDICTION

20. Jurisdiction before the Federal Court is based on the diversity of citizenship of the parties; this matter satisfies the requirements of and is permitted pursuant to 28 U.S.C.§ 1332.

**ANSWER: Defendants admit that there appears to be diversity of citizenship. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20.**

## COUNT I
### Negligence
### Staples

Defendants make no answer to the allegations in Count I, as those allegations are not directed towards Izzy Design, JSJ Seating Company, or JSJ. To the extent that said allegations

are directed towards Izzy Design, JSJ Seating Company, or JSJ or allege or infer any wrongdoing on the part of Izzy Design, JSJ Seating Company, or JSJ, however, those allegations are specifically denied.

**COUNT II**
**Breach of Warranty**
**Staples**

Defendants make no answer to the allegations in Count II, as those allegations are not directed towards Izzy Design, JSJ Seating Company, or JSJ. To the extent that said allegations are directed towards Izzy Design, JSJ Seating Company, or JSJ or allege or infer any wrongdoing on the part of Izzy Design, JSJ Seating Company, or JSJ, however, those allegations are specifically denied.

**COUNT III**
**Strict Liability**
**Staples**

Defendants make no answer to the allegations in Count III, as those allegations are not directed towards Izzy Design, JSJ Seating Company, or JSJ. To the extent that said allegations are directed towards Izzy Design, JSJ Seating Company, or JSJ or allege or infer any wrongdoing on the part of Izzy Design, JSJ Seating Company, or JSJ, however, those allegations are specifically denied.

**COUNT IV**
**Negligence**
**Izzy Design**

1. Plaintiffs hereby incorporate by reference paragraphs 1 through 20 of the General Allegations as if set forth fully and at length herein.

**ANSWER: Defendants incorporate by reference their answers to paragraphs 1-20 of the General Allegations as if fully set forth herein.**

2. Defendant Izzy owed a duty to plaintiff and others to use reasonable care in the sale, assembly, installation, distribution, delivery, and service of its products, equipment, and services, including the office chair which is the subject of this complaint.

**ANSWER: To the extent the allegations in paragraph 2 state a legal conclusion, no answer is required. Defendants admit all duties imposed by law. Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 2.**

3. Defendant further owed a duty to plaintiff and others to test and inspect for and to warn of defects and dangerous propensities and conditions inherent in and arising from said office chair.

**ANSWER: To the extent the allegations in paragraph 3 state a legal conclusion, no answer is required. Defendants admit all duties imposed by law. Defendants deny that any items they may have sold contained defects or dangerous propensities. Defendants are without information sufficient form a belief as to the truth of the remaining factual allegations in paragraph 3.**

4. Defendant Izzy was negligent in the testing, certification, assembly, installation, service, inspection, promotion, distribution, and sale of said office chair, including, in particular, that defendant:

a. failed to use due care in the sale and distribution of the chair that is the subject of this Complaint;

b. negligently tested, assembled, promoted, distributed, and sold the chair which is the subject of this Complaint;

c. failed to provide adequate safeguards to protect persons such as the plaintiff from suffering the injuries, which plaintiff suffered while using the chair which is the subject of this Complaint;

d. failed to warn of said defects even though defendant