knew or should have known that plaintiff would not realize or appreciate the dangerous condition arising from the use of said chair;

e. was otherwise negligent.

**ANSWER: Denied.**

5. As a direct and proximate result of defendant's negligence, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

**ANSWER: Denied.**

6. By reason of the foregoing, plaintiff Mary Ann King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of her husband, Philip King.

**ANSWER: Denied.**

7. By reason of the foregoing, plaintiff Phillip King has been will be deprived of the services, affection, society, companionship, consortium, and comfort of his wife Mary Ann King.

**ANSWER: Denied.**

**COUNT V**
**Breach of Warranty**
**Izzy Design**

1. Plaintiffs hereby incorporate by reference paragraphs 1 through 20 of the General Allegations as if set forth fully and at length herein.

**ANSWER: Defendants incorporate by reference their answers to paragraphs 1-20 of the General Allegations as if fully set forth herein.**

2. Defendant Izzy is a merchant with respect to the office chair with which this Complaint is concerned.

**ANSWER: To the extent the allegations in paragraph 2 state a legal conclusion, no answer is required. Defendants are without information sufficient to form a belief as to**

**the truth of any factual allegations in paragraph 2.**

3. At all times material hereto, plaintiff Mary Ann King was a person reasonably expected to be affected by the use and operation of said office chair.

**ANSWER: To the extent the allegations in paragraph 3 state a legal conclusion, no answer is required. Defendants are without information sufficient to form a belief as to the truth of any factual allegations in paragraph 3.**

4. Defendant Izzy impliedly and expressly warranted that said office chair was safe, of merchantable quality, and fit for its intended and foreseeable uses.

**ANSWER: To the extent the allegations in paragraph 4 state a legal conclusion, no answer is required. Defendants are without information sufficient to form a belief as to the truth of any factual allegations in paragraph 4.**

5. At the time said chair was sold, it did not comply with said warranties in that it was in a defective condition and was not fit for its ordinary purpose.

**ANSWER: To the extent the allegations in paragraph 5 state a legal conclusion, no answer is required. Defendants deny that any products they may have sold were defective or not fit for their ordinary purposes. Defendants are without information sufficient to form a belief as to the truth of any remaining factual allegations in paragraph 5.**

6. Plaintiff relied on the warranties made by the defendant and was injured and was sustained damages as a direct and proximate result of his reliance on said warranties and as a direct and proximate result of the breaches of said warranties by the defendant.

**ANSWER: To the extent the allegations in paragraph 6 state legal conclusions, no answer is required. Defendants deny all factual allegations in paragraph 6.**

7. Due notice has been given to defendant of its breaches of warranty.

**ANSWER: To the extent the allegations in paragraph 7 state legal conclusions, no answer is required. Defendants deny all factual allegations in paragraph 7.**

8. As a direct and proximate result of defendant's negligence, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

**ANSWER: To the extent the allegations in paragraph 8 state legal conclusions, no answer is required. Defendants deny all factual allegations in paragraph 8.**

9. By reason of the foregoing, plaintiff Mary Ann King has been and will deprived of the services, affection, society, companionship, consortium, and comfort of her husband Phillip King.

**ANSWER: Denied.**

10. By reason of the foregoing, plaintiff Philip King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort, of his wife Mary Ann King.

**ANSWER: Denied.**

**<u>COUNT VI</u>**
**Strict Liability**
**Izzy Design**

1. Plaintiffs hereby incorporate by reference paragraphs 1 through 20 of the General Allegations as if set forth fully and at length herein.

**ANSWER: Defendants incorporate their answers to paragraphs 1-20 of the General Allegations as if fully set forth herein.**

2. At the time said chair was sold by defendant to Texas Instruments and left defendant's control, said chair was defective in manufactures, warning, and/or design, which

defects rendered it unfit and unreasonably dangerous to foreseeable users such as Ms. King.

**ANSWER: To the extent the allegations in paragraph 2 state legal conclusions, no answer is required. Defendants are without information sufficient to form a belief as to the truth of the allegations that Izzy Design sold the subject chair to Texas Instruments. Defendants deny all remaining factual allegations in paragraph 2.**

3. At all material times, plaintiff, Maryann King used said chair in an ordinary and foreseeable manner.

**ANSWER: To the extent the allegations in paragraph 3 state legal conclusions, no answer is required. Defendants are without information sufficient to form a belief as to the truth of any factual allegations in paragraph 3.**

4. Said chair was expected to and did reach plaintiff without substantial change in the condition in which it was sold.

**ANSWER: To the extent the allegations in paragraph 4 state legal conclusions, no answer is required. Defendants are without information sufficient to form a belief as to the truth of any factual allegations in paragraph 4.**

5. Said chair was expected to be and was used without substantial change in the condition in which they were sold.

**ANSWER: To the extent the allegations in paragraph 5 state legal conclusions, no answer is required. Defendants deny any factual allegations in paragraph 5.**

6. As a direct and proximate result of the chair's defects, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

**ANSWER: To the extent the allegations in paragraph 6 state legal conclusions, no answer is required. Defendants deny that any chairs they sold contained a defect or caused**

**any injuries or damage. Defendants are without information sufficient to form a belief as to the truth of any remaining factual allegations in paragraph 6.**

7. By reason of the foregoing, plaintiff Mary Ann King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of her husband Phillip King.

**ANSWER: Denied.**

8. By reason of the foregoing, plaintiff, Phillip King has and will be deprived of the services, affection, society, companionship, consortium, and comfort, of his wife Mary Ann King.

**ANSWER: Denied.**

**COUNT VII**
**Negligence**
**JSJ Seating Company Texas, LP**

1. Plaintiffs hereby incorporate by reference paragraphs 1 through 20 of the General Allegations as if set forth fully and at length herein.

**ANSWER: Defendants incorporate by reference their answers to paragraphs 1-20 of the General Allegations as if fully set forth herein.**

2. Defendant JSJ Seating Company owed a duty to plaintiff and others to use reasonable care in the sale, assembly, installation, distribution, delivery, and service of its products, equipment, and services, including the office chair which is the subject of this complaint.

**ANSWER: To the extent the allegations in paragraph 2 state a legal conclusion, no answer is required. Defendants admit all duties imposed by law. Defendants are without information sufficient to form a belief as to the truth of the factual allegations in**

**paragraph 2.**

3. Defendant further owed a duty to plaintiff and others to test and inspect for and to warn of defects and dangerous propensities and conditions inherent in and arising from said office chair.

**ANSWER: To the extent the allegations in paragraph 3 state a legal conclusion, no answer is required. Defendants admit all duties imposed by law. Defendants deny that any items they may have sold contained defects or dangerous propensities. Defendants are without information sufficient form a belief as to the truth of the remaining factual allegations in paragraph 3.**

4. Defendant JSJ Seating Company was negligent in the testing, certification, assembly, installation, service, inspection, promotion, distribution, and sale of said office chair, including, in particular, that defendant:

f. failed to use due care in the sale and distribution of the chair that is the subject of this Complaint;
g. negligently tested, assembled, promoted, distributed, and sold the chair which is the subject of this Complaint;
h. failed to provide adequate safeguards to protect persons such as the plaintiff from suffering the injuries, which plaintiff suffered while using the chair which is the subject of this Complaint;
i. failed to warn of said defects even though defendant knew or should have known that plaintiff would not realize or appreciate the dangerous condition arising from the use of said chair;
j. was otherwise negligent.

**ANSWER: Denied.**

5. As a direct and proximate result of defendant's negligence, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

**ANSWER: Denied.**

6. By reason of the foregoing, plaintiff Mary Ann King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of her husband, Philip King.

**ANSWER: Denied.**

7. By reason of the foregoing, plaintiff Phillip King has been will be deprived of the services, affection, society, companionship, consortium, and comfort of his wife Mary Ann King.

**ANSWER: Denied.**

**COUNT VIII**
**Breach of Warranty**
**JSJ Seating Company Texas, LP**

1. Plaintiffs hereby incorporate by reference paragraphs 1 through 20 of the General Allegations as if set forth fully and at length herein.

**ANSWER: Defendants incorporate by reference their answers to paragraphs 1-20 of the General Allegations as if fully set forth herein.**

2. Defendant JSJ Seating Company Texas, LP is a merchant with respect to the office chair with which this Complaint is concerned.

**ANSWER: To the extent the allegations in paragraph 2 state legal conclusions, no answer is required. Defendants are without information sufficient to form a belief as to the truth of any factual allegations in paragraph 2.**

3. At all times material hereto, plaintiff Mary Ann King was a person reasonably expected to be affected by the use and operation of said office chair.

**ANSWER: To the extent the allegations in paragraph 3 state legal conclusions, no answer is required. Defendants are without information sufficient to form a belief as to the truth of any factual allegations in paragraph 3.**

4. Defendant JSJ Seating Company Texas, LP impliedly and expressly warranted that said office chair was safe, of merchantable quality, and fit for its intended and foreseeable uses.

**ANSWER: To the extent the allegations in paragraph 4 state legal conclusions, no answer is required. Defendants are without information sufficient to form a belief as to the truth of any factual allegations in paragraph 4.**

5. At the time said chair was sold, it did not comply with said warranties in that it was in a defective condition and was not fit for its ordinary purpose.

**ANSWER: To the extent the allegations in paragraph 5 state a legal conclusion, no answer is required. Defendants deny that any products they may have sold were defective or not fit for their ordinary purposes. Defendants are without information sufficient to form a belief as to the truth of any remaining factual allegations in paragraph 5.**

6. Plaintiff relied on the warranties made by the defendant and was injured and was sustained damages as a direct and proximate result of his reliance on said warranties and as a direct and proximate result of the breaches of said warranties by the defendant.

**ANSWER: To the extent the allegations in paragraph 6 state legal conclusions, no answer is required. Defendants deny any factual allegations in paragraph 6.**

7. Due notice has been given to defendant of its breaches of warranty.

**ANSWER: To the extent the allegations in paragraph 7 state legal conclusions, no answer is required. Defendants deny all factual allegations in paragraph 7.**

8. As a direct and proximate result of defendant's negligence, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.