**ANSWER: To the extent the allegations in paragraph 4 state legal conclusions, no answer is required. Defendants are without information sufficient to form a belief as to the truth of any factual allegations in paragraph 4.**

5. Said chair was expected to be and was used without substantial change in the condition in which they were sold.

**ANSWER: To the extent the allegations in paragraph 5 state legal conclusions, no answer is required. Defendants are without information sufficient to form a belief as to the truth of any factual allegations in paragraph 5.**

6. As a direct and proximate result of the chair's defects, as aforesaid, plaintiff suffered significant and permanent personal injuries and was otherwise damaged.

**ANSWER: To the extent the allegations in paragraph 6 state legal conclusions, no answer is required. Defendants deny that any chair they sold contained a defect or caused injuries or damages. Defendants are without information sufficient to form a belief as to the truth of any factual allegations in paragraph 6.**

7. By reason of the foregoing, plaintiff Mary Ann King has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of her husband Phillip King.

**ANSWER: Denied.**

8. By reason of the foregoing, plaintiff, Phillip King has and will be deprived of the services, affection, society, companionship, consortium, and comfort, of his wife Mary Ann King.

**ANSWER: Denied.**

**COUNT XIII**
**Negligence**
**John Doe Corporation**

Defendants make no answer to the allegations in Count XIII, as those allegations are not directed towards Izzy Design, JSJ Seating Company, or JSJ. To the extent that said allegations are directed towards Izzy Design, JSJ Seating Company, or JSJ or allege or infer any wrongdoing on the part of Izzy Design, JSJ Seating Company, or JSJ, however, those allegations are specifically denied.

**COUNT XIV**
**Breach of Warranty**
**John Doe Corporation**

Defendants make no answer to the allegations in Count XIV, as those allegations are not directed towards Izzy Design, JSJ Seating Company, or JSJ. To the extent that said allegations are directed towards Izzy Design, JSJ Seating Company, or JSJ or allege or infer any wrongdoing on the part of Izzy Design, JSJ Seating Company, or JSJ, however, those allegations are specifically denied.

**COUNT XV**
**Strictly Liability**
**John Doe Corporation**

Defendants make no answer to the allegations in Count XV, as those allegations are not directed towards Izzy Design, JSJ Seating Company, or JSJ. To the extent that said allegations are directed towards Izzy Design, JSJ Seating Company, or JSJ or allege or infer any wrongdoing on the part of Izzy Design, JSJ Seating Company, or JSJ, however, those allegations are specifically denied.

**AFFIRMATIVE DEFENSES**

In the alternative to its denials in its answer, and for its affirmative defenses, Defendants

state as follows:

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by their own contributory or comparative negligence.

3. Plaintiffs' claims are barred by the applicable statute of repose.

4. Mary Ann King's actions were the sole proximate cause of her injury.

5. The product involved was out of the control of Defendants over a material period of time and during that period. Defendants had no control over the maintenance, use or control of the product. Defendants further state that if there was an defect or deficiency in the product as of the time of the incident alleged, such defect or deficiency did not relate to the original design, manufacture or sale of the product, but on the contrary, is the result of the misuse, abuse, improper storage, or other actions or omissions on the part of Mary Ann King or others for whom Defendants is not and cannot be responsible.

6. Plaintiff Mary Ann King assumed the risk of any danger, in both the primary and secondary senses, in that she had knowledge of the danger, an appreciation of that danger, and voluntarily exposed herself and others to any danger.

7. Defendants deny that the product in question had any inherent design defect but if there existed any inherent design defect with respect to the product, such defect being expressly denied, such defect could not have been effectively eliminated without rendering the product incapable of reasonable use.

8. Defendants complied with all applicable statutes, regulations and standards, if any, existing at the time of manufacture that prescribed standards for design, inspection, testing, manufacture, labeling, packaging, warnings or instruction for use of the product.

9. Defendants' warnings and instructions were at all times in conformity with the generally recognized state of specific and technological knowledge (state of the art) at the time such warnings and instructions were issued.

10. Defendants discharged any duty to warn by providing warnings and instructions to the anticipated user that were adequate in light of the user's knowledge of the products, and the impracticability of providing such warnings directly to persons in the position of plaintiffs, and Defendants reasonably relied upon said user to communicate such warnings to plaintiffs and all other persons similarly situated.

11. Plaintiff Mary Ann King failed to follow the warnings and instructions supplied. However, pleading hypothetically and in the alternative, if plaintiffs' claims are not completely barred under said doctrines, the plaintiffs' alleged damages, if any, should be diminished in proportion to the culpable conduct attributable to the plaintiffs.

12. Plaintiff Mary Ann King voluntarily and unreasonably exposed herself to the products by failing to follow the warnings and instructions supplied, and, on information and belief, she failed to abide by the rules and regulations of her employer.

13. Any alleged injuries sustained by plaintiffs were the direct, sole and proximate failure by Mary Ann King or by her employer to heed adequate warnings and instructions provided.

14. Any alleged injuries sustained by plaintiffs were caused or contributed to, in whole or in part, by the negligence or fault of third parties over whom Defendants had no control and for whose conduct Defendants are not responsible; such negligence of other parties was the sole proximate cause of, or an intervening, superseding or insulating cause of the plaintiffs'

alleged injuries.

15. Any alleged injuries sustained by plaintiffs were caused or contributed to, in whole or in part, by the negligence or fault of third parties over whom Defendants had no control and for whose conduct Defendants is not responsible; and Defendants are entitled to an assessment of the relative degree of fault of all such persons and entities.

16. Plaintiffs have failed to mitigate their damages.

17. Plaintiffs have failed to join a necessary or indispensable party.

18. Plaintiffs' claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel and unclean hands.

19. Plaintiffs' claims may be barred, in whole or in part, by the doctrine of pre-emption.

20. Plaintiffs' claims may be barred in whole or in part by the applicable statute of limitations.

21. Defendants hereby give notice to plaintiffs that it lacks sufficient knowledge or information to form a belief as to the truth of certain allegations contained in the complaint. These defenses are pleaded in order to preserve Defendants' right to assert them at trial and to give notice of its intention to assert these defenses and to avoid waiver of any defense.

**IZZY DESIGN, JSJ SEATING COMPANY TEXAS, LP AND JSJ SEATING CORPORATION**

By: /s/ Donna M. Lamontagne

One of its attorneys

Donna M. Lamontagne
Zizik, Powers, O'Connell, Spauling & Lamontagne, P.C.
40 Westminster Street, Suite 201
Providence, Rhode Island 02903
(401) 421-7110
(401) 421-7111 Fax

Eric D. Stubenvoll
Alika Moitra
Christensen & Ehret, LLP
222 West Adams, 21st Floor
Chicago, Illinois 60606
(312) 634-1014
(312) 634-1018 Fax
120163

## CERTIFICATION OF SERVICE

I hereby certify that on the 21st day of December, 2007 I caused the original of the within Answer to be electronically filed with the Clerk of the United States District Court and true copies to be forwarded electronically to **Amato A. DeLuca, Esq. and Michael T. Eskey, Esq.,** DeLuca & Weizenbaum, Ltd., 199 North Main Street, Providence, RI 02903, **James T. Murphy, Esq. and Kelly N. Michels, Esq.,** Hanson Curran LLP, 146 Westminster Street, Providence, RI 02903-2202 and **Eric D. Stubenvoll, Esq.**, Christensen & Ehret, LLP, 222 West Adams Street, Chicago, IL 60606.

/s/ Donna M. Lamontagne
Zizik, Powers, O'Connell, Spaulding & Lamontagne, P.C.